658 So.2d 8 (1995)
Edmond WOOD
v.
Milton MAY, et al.
No. 95-C-0589.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
Rehearings Denied August 18, 1995.
*9 Claude D. Vasser, C. David Vasser, Jr., Vasser & Vasser, Metairie, for relator.
William E. Mura, Jr., New Orleans, for respondent.
Before SCHOTT, C.J., and BYRNES, LOBRANO, WALTZER and LANDRIEU, JJ.
BYRNES, Judge.
Farmers Insurance Company (Farmers) requests a review of the trial court's: (1) interpretation of this court's judgment; and (2) determination that the plaintiff could file a supplemental and amending petition.
In its opinion dated December 15, 1994, this court found that the general damage award to the plaintiff was $138,627.68. Special damages were $11,372.32 so that the $50,000 judgment against Farmers represents an award to the plaintiff of $150,000. Wood v. May, 94-0756 (La.App. 4th Cir. 12/15/94), 647 So.2d 1265, 1266. In stating that "this court finds no manifest error in the award of general damages that was implicit in the judgment against Farmers," id., 647 So.2d at 1267, we meant that the total amount of the award to the plaintiff was $150,000. Moreover, upon further review of the damage award in connection with this writ application, we conclude that the plaintiff's total award should be $150,000.
Therefore, a reduction representing plaintiff's five percent comparative negligence changes the amount of damages owed by Farmers. Plaintiff settled with Milton May and his insurer, State Farm, prior to trial. Plaintiff and Farmers stipulated that Farmers was entitled to a $100,000 credit toward any judgment in this action. Farmers is liable for any amount over $100,000 under its $50,000 excess uninsured motorist insurance policy limits. The five percent reduction reflecting plaintiff's comparative negligence should be deducted from the excess $50,000 UM policy limits so that Farmers is liable to the plaintiff for $50,000 minus $7,500 or $42,500.
With respect to the second issue, before La.C.C.P. art. 425 and La.R.S. 13:4231 were amended, an insured could bring a subsequent action for claims for penalties and attorney's fees based on the theory that the second suit is based on different causes of action; suit on one obligation did not preclude a later suit on the other. Cantrelle Fence & Supply Co., Inc. v. Allstate Ins. Co., 515 So.2d 1074 (La.1987). Cantrelle did not hold that plaintiff could bring an amended petition after judgment was rendered by the trial court in the first suit, but the Louisiana Supreme Court upheld a second separate action.
However, under the current versions of La.C.C.P. art. 425 and La.R.S. 13:4231, although plaintiff's claims for penalties and attorney's fees constitute separate causes of action, the plaintiff must assert all claims that arise out of the same transaction or occurrence in one action. Any additional claim will be barred by the principles of res judicata. The amended statutes apply to all civil actions filed on or after January 1, 1991. See McClendon v. State, Dept. of Trans. and Development, 94-0111 (La. 9/6/94), 642 So.2d 157.
In the present case plaintiff's original action dated July 31, 1991, and plaintiff's amending petition dated February 7, 1994, were filed after the effective date of the amended statutes. Therefore, plaintiff's amending petition is barred by the principles of res judicata after judgment was rendered in the trial court because the additional claims for penalties and attorney's fees could only be brought in a separate action under Cantrelle and now cannot be brought in a second suit under the amended provisions of La.C.C.P. art. 425 and La.R.S. 13:4231.
Accordingly, we reverse the rulings of the trial court. Based on this court's judgment of December 15, 1994, Farmers owes plaintiff a total of $42,500. Plaintiff's supplemental and amending petition for penalties and attorney's fees is dismissed.
REVERSED & RENDERED.
LOBRANO, J., dissents in part.
WALTZER, J., dissents.
LANDREIU, J., concurs and assigns additional reasons.
*10 LOBRANO, Judge, dissenting in part.
The majority assumes the total damages sustained by the plaintiff in this case was $150,000.00. That is an incorrect assumption. The judgment rendered against Farmers, the excess (UM) insurer, was in the amount of $50,000.00, its policy limits. The primary carrier, State Farm, settled for its limits, $100,000.00. On appeal, by deductive reasoning we assumed that because plaintiff's special damages were $11,372.32, "the balance of $138,627.68 must be attributed to general damages." Wood v. May, 94-0756 (La.App. 4th Cir. 12/15/94) at p. 2, 647 So.2d 1265. However, this reasoning is premised on the assumption that total damages were $150,000.00. The trial court never decided plaintiff's exact damages. It merely awarded the policy limits.[1]
When we found plaintiff 5% at fault, Civil Code Article 2323 became applicable. That article provides that "the amount of damages recoverable shall be reduced in proportion to" plaintiff's fault. The trial court never found the exact damages, but concluded they "were such that reducing them by 5% would nevertheless entitled plaintiff to recover $50,000.00 from his UM carrier." For that reason, I would deny this writ application. A judgment rendered against an insurer for its policy limits, because plaintiff's damages far exceed those limits, should be reduced against the total damages, not against the policy limits' judgment. If the reduced amount is still in excess of policy limits, then plaintiff is entitled to those limits.
I agree with the majority on the res judicata issue.
WALTZER, Judge, dissenting.
I respectfully dissent. Neither the trial court nor this Court on the appeal of the trial court's decision (94-CA-0756) has quantified plaintiff's damages. The trial judge said only that plaintiff's damages exceeded $150,000.00. That finding is not before this court on this writ application.
Unless and until a court of proper jurisdiction fixes the amount of plaintiff's damages, we are unable to ascertain the amount, if any, by which the judgment against Relator should be reduced.
LANDRIEU, Judge, concurring and assigning additional reasons.
I concur with the majority and add these reasons.
Since the trial court assigned no fault to plaintiff, it apparently felt that it was unnecessary to quantify plaintiff's damages, except to recognize that they equaled or exceeded $150,000.00. On appeal, when this court assigned five (5%) percent fault to the plaintiff, it should have quantified plaintiff's award. Plaintiff, however, did not apply for a rehearing nor did he apply for a writ of review to the Supreme Court. Clearly, the trial court cannot at this time alter its judgment or amend ours, nor is there a basis for a new trial. Therefore, since this Court handed down the ruling that amended the trial court's judgment and finalized the matter, it seems appropriate for this court to clarify its holding now that we are asked to do so. To the extent that the plaintiff's damages exceeded $157,894.00, plaintiff was entitled to the entirety of the $50,000.00 under insured motorist coverage. To the extent his damages amounted to only $150,000.00, he was entitled to $42,500.00 (95% × $150,000.00). As there does not appear to be a text book solution to the problem, the approach taken by the majority makes more sense than the alternatives.
NOTES
[1] In interpreting the application of our previous holding to the plaintiff's judgment, the trial court reiterated the fact that it "had no need to find the exact damages, since the suit was against a UM carrier and judgment was necessarily limited to the amount of the policy."