731 So.2d 502 (1999)
Dina Ann Moore LEON, Faith B. Kennedy, on Behalf of Tonya Faith Moore, Nita Elizabeth Moore Pankin and Madeline Odell Moore Thompson
v.
Berkley Rhorer MOORE, Richard S. Rhorer, Rhorer Mutual Industries, Inc., and R.J. Calogne, Jr.
No. 98 CW 1792.
Court of Appeal of Louisiana, First Circuit.
April 1, 1999.
*503 Whit M. Cook, II, Baton Rouge, LA, Counsel for Plaintiffs/Appellees, Dina Ann Moore Leon, Faith B. Kennedy, on behalf of Tonya Faith Moore, Nita Elizabeth Moore Pankin and Madeline Odell Moore Thompson.
James E. Toups, Baton Rouge, LA, Counsel for Defendant/Appellant, Berkley Rhorer Moore.
Ralph E. Hood, Baton Rouge, LA, Counsel for Richard S. Rhorer and Rhorer Mutual Industries, Inc. and Mr. R.J. Calogne, Jr.
BEFORE: LeBLANC, FOGG, PARRO, KUHN AND PETTIGREW, JJ.
LeBLANC, J.
In this application for supervisory writs, we granted certiorari to determine whether the trial court erred in not finding that res judicata barred plaintiffs' action for damages and denying defendant's peremptory exception raising the objection of res judicata.
On September 11, 1996, plaintiffs, the four daughters of the late Anthony H. Moore, Jr. (the decedent), who are also residual legatees, filed a petition for damages against Berkley Rhorer Moore, the decedent's surviving spouse and duly qualified executrix of his succession; R.J. Cologne, Jr., the former attorney for the executrix; Richard S. Rhorer, the executrix's brother; and Rhorer Mutual Industries, Inc., which is owned by Richard Rhorer. The petition claims that Berkley Moore is liable to plaintiffs for damages based on the alleged breach of her fiduciary duties as executrix to act as a prudent administrator of the succession. The alleged breach of fiduciary duties is based primarily on the sale of the decedent's stock (100% of the outstanding capital stock) in Railway Maintenance, Inc. (RMI) to Rhorer Mutual Industries, a newly formed corporation owned by the brother of the executrix. According to plaintiffs' claims, the stock, which was the most valuable asset in the estate of their father, was sold to Rhorer for less than the fair market value thereof, and Ms. Moore misled them, and gave them "incomplete, insufficient, and/or false information" about the value of the stock and the terms and conditions of the sale thereof.
Ms. Moore filed an exception of res judicata to the petition, which was denied by the trial court.
Prior to the above mentioned petition for damages, on August 1, 1995, the same plaintiffs had filed a "Motion to Remove Executrix and for a Final Accounting" against Ms. Moore. In that motion, plaintiffs claimed that Ms. Moore, as executrix, had failed to discharge her duties to provide a final accounting of the estate, had not acted as a prudent administrator, had mismanaged the estate and breached her fiduciary duties to the heirs. Fourteen separate grounds were listed as the basis *504 for these claims, the majority of which were related to the sale of RMI stock.
After extensive discovery and a determination that there were no substantial assets remaining in the succession, plaintiffs filed an ex parte motion to dismiss the motion without prejudice. The motion came up for hearing and was continued. Subsequently, on November 27, 1995, the plaintiffs' counsel met with the trial judge, who signed an order dismissing the motion with prejudice, which order was consented to and initialed by plaintiffs' counsel.
This order forms the basis of defendant's exception of res judicata in response to plaintiffs' petition for damages. The trial court denied the exception; defendant, Ms. Moore, sought supervisory writs on that ruling. We granted certiorari to determine the correctness of the trial court's ruling.
Relator/defendant, Ms. Moore, assigns as error the following:
The trial court erred by ruling the Petition for Damages filed by the plaintiffs was a separate cause of action and that plaintiffs had a right to seek damages in an ordinary proceeding, in accordance with the old law on res judicata that held that a second action would be barred only when the plaintiff seeks the same relief based on the same cause or grounds, despite the revisions made in the law of res judicata by Act 521 of 1990, effective January 1, 1991, amending R.S. 13:4231, et seq. to make a substantial change in and broaden the law to provide that the second action would be barred if it arises out of the transaction or occurrence that was the subject matter of the first action.
Analysis
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, 95-0654, 95-0671, p. 11-12 (La.1/16/96); 666 So.2d 624, 631. The original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. A decided case precluded a second suit only if it involved the same parties, the same cause of action and the same object of demand as the prior suit. Arbour, The Louisiana Concept of Res Judicata, 34 La.L.Rev. 763,764 (1974). However, under La. R.S. 13:4231, as amended in 1990 effective January 1, 1991, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Terrebonne Fuel & Lube, Inc., 95-0654, 95-0671 at 12; 666 So.2d at 632.
The purpose of res judicata is to promote judicial efficiency and final resolution of disputes by preventing needless *505 relitigation. Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96); 676 So.2d 1077, 1079. La. R.S. 13:4231 provides that a valid and final judgment is conclusive between the parties, except on appeal or other direct review. Additionally, La. C.C.P. art. 1673; provides that a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.[1] Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Avenue Plaza, 96-0173 at p. 7; 676 So.2d at 1080.
In the matter before us, both the motion to remove the executrix and the subsequent petition for damages arise out of the same transactionthe sale of the decedent's stock in RMI to Rhorer Mutual Industries, Inc. The basis for the relief sought in both actions was the sameMs. Moore's alleged breach of her fiduciary duties in connection with that sale and her failure to act as a prudent administrator of the succession of the decedent. Plaintiffs do not dispute that the petition for damages arose out of the same transaction; however, they maintain that since the motion to remove was dismissed without a hearing or adjudication of the facts and issues presented, they are not precluded from asserting their subsequent claim for damages.
Plaintiffs' argument ignores the effect of the dismissal with prejudice of the first action. As stated above, La. C.C.P. art. 1673 provides that a judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. Given the clear language of this statute, there is no requirement that the claims be actually litigated for the doctrine of res judicata to apply. See La. R.S. 13:4231(2).
Further, we find no merit to plaintiffs' contention that this matter falls within the exceptional circumstances exception to the general rule of application of res judicata. La. R.S. 13:4232 provides that a judgment does not bar another action by the plaintiff when (1) exceptional circumstances justify relief from the res judicata effect of the judgment; (2) the judgment dismissed the first action without prejudice; or (3) the judgment reserved the right of the plaintiff to bring another action. We find none of the exceptions apply, particularly in light of the very clear intent of the order to be rendered with prejudice and plaintiffs' counsel's acquiescence thereto.
Given the particular facts and circumstances of this case, we are constrained to find that the trial court clearly erred in denying the exception of res judicata. Accordingly, that ruling is hereby reversed; the exception is maintained, and plaintiffs' claims for damages as to Ms. Moore are hereby dismissed. Costs are assessed to the plaintiffs.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.
NOTES
[1] La. C.C.P. art. 1673 also provides, conversely, that a judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.