845 So.2d 429 (2003)
DIAMOND B CONSTRUCTION COMPANY, INC.
v.
Louisiana DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2002 CA 0573.
Court of Appeal of Louisiana, First Circuit.
February 14, 2003.
*430 Russell W. Wray, Baton Rouge, for Plaintiff/Appellant, Diamond B Construction Company, Inc.
*431 Lawrence A. Durant, Baton Rouge, for Defendant/Appellee, Louisiana Department of Transportation and Development.
Murphy J. Foster, III, Baton Rouge, for Intervenor/Appellee, Concrete & Aggregates Association of Louisiana, Inc.
Eric A. Kracht, Baton Rouge, for Intervenor/Appellee, Jones Brothers, Inc. of Tennessee.
Chris P. Pierce, Baton Rouge, for Amicus Curiae, Louisiana Associated General Contractors, Inc.[1]
Before: WHIPPLE, GAIDRY and McCLENDON, JJ.
WHIPPLE, J.
In this appeal, plaintiff, Diamond B Construction, Inc. (hereinafter "Diamond B"), challenges the trial court's grant of attorney's fees in favor of defendant, the Louisiana Department of Transportation and Development (hereinafter "the DOTD"), and intervenor, the Concrete and Aggregate Association of Louisiana (hereinafter "CAAL") after all appeals of the final judgment of the trial court were exhausted. For the following reasons, we reverse in part and affirm in part.

FACTS AND PROCEDURAL HISTORY
This litigation has a protracted procedural history, as set forth in the previous opinions of this court.[2] Essentially, in connection with a project to upgrade U.S. Highway 171 from Hornbeck to Florien, Louisiana, the DOTD advertised bidding for reconstruction project. In budgeting for this project, the DOTD estimated that the project would cost $31,540,610.86 and listed Portland cement concrete in the DOTD's Construction Cost Estimate Specifications, rather than asphaltic pavement, as the surface type to be used for the project.
After the initial specifications and construction proposal were circulated for review by interested bidders, Diamond B formally requested that the DOTD amend the design specifications and construction proposal to permit the use of "asphalt" as an alternative to Portland cement concrete as specified in the original design proposal. The DOTD declined to amend the project proposal and refused to cancel the bid schedule, stating: "The decision to use concrete on most of U.S. 171 was made years ago and consultants were selected with instructions to prepare the plans specifying concrete as the pavement of choice."
In response, Diamond B filed a petition requesting a temporary restraining order and preliminary injunction to prohibit the DOTD from issuing any bids, work orders, or performing any work on the project, and for a judgment declaring the specifications of the project "illegal closed specifications," and that any contract entered into for the project was null and void. Diamond B further alleged that requiring *432 the contractor to use Portland cement concrete pavement to the exclusion of asphaltic concrete stifled competition and was in direct violation of LSA-R.S. 38:2290, et seq., Louisiana's closed specification statutes. In response, the DOTD then filed an answer and reconventional demand seeking dismissal of the petition, declaratory relief in its favor, and the taxing of costs and expert witness fees against Diamond B.
Despite this ongoing litigation, the bidding process was completed, and the contract was awarded to the apparent lowest bidder, Jones Brothers, Inc. of Tennessee, based on a bid in the amount of $27,534,391.92. The trial court denied Diamond B's application for preliminary injunction, and Diamond B appealed to this court. On appeal, we concluded that Portland cement concrete and asphaltic concrete were not equivalent in terms of quality, performance, appearance, strength and utility; thus, we found that a legitimate basis existed for the DOTD's design specifications. As such, we determined that the trial court was legally correct in denying Diamond B's request for injunctive and declaratory relief.[3]
Further, citing the reasons it had previously rendered for the denial of Diamond B's petition for preliminary injunction, the trial court granted the DOTD's motion for summary judgment, declaring that the DOTD's failure to include alternative designs in its bid documents did not constitute a violation of LSA-R.S. 38:2290, et seq.
Diamond B then filed a motion for new trial, which was denied by the trial court. Both the denial of Diamond B's motion for new trial and the grant of the DOTD's motion for summary judgment were also appealed to this court. In the appeal, rendered as a companion case to the original appeal of the denial of injunctive relief, we affirmed the trial court's denial of the motion for new trial filed by Diamond B and the grant of the DOTD's motion for summary judgment.[4] Diamond B sought supervisory writs from the Louisiana Supreme Court on both appellate decisions, which were denied.[5]
After all appeals were exhausted from the final judgment of the trial court dismissing Diamond B's suit and granting declaratory relief in favor of the DOTD, the DOTD and CAAL filed motions for attorney's fees.
In response, Diamond B filed numerous exceptions, including peremptory exceptions of res judicata and no cause of action. By judgment dated September 27, 2001, the trial court overruled Diamond B's exceptions. Diamond B thereafter sought supervisory writs from this court. On November 15, 2001, another panel of this court denied the application stating, "On the showing made, we find no error."[6]
Diamond B again filed a motion for summary judgment, challenging the right of defendant, DOTD, or intervenor, CAAL, to recover attorney's fees under the provisions of LSA-R.S. 38:2220, Louisiana's Public Bid Law. The requests for attorney's fees by the DOTD and CAAL were *433 heard in open court on November 21, 2001, and the trial court found in favor of the DOTD and CAAL. On December 12, 2001, the trial court rendered judgment denying Diamond B's motion for summary judgment, and in two separate judgments, both signed December 17, 2001, awarded the DOTD attorney's fees in the amount of $75,000.00 and court costs in the amount of $4,268.00 with interest, and awarded CAAL attorney's fees in the amount of $60,000.00 and court costs in the amount of $3,712.64 with interest. CAAL was also awarded expert witness fees for the testimony of Eric A. Kracht in the amount of $1,000.00.
In the instant appeal, Diamond B challenges these judgments of the trial court in favor of the DOTD and CAAL for attorney's fees, as well as the interlocutory judgments overruling Diamond B's peremptory exceptions of no cause of action and res judicata and denying its motion for summary judgment.[7]
Specifically, Diamond B frames its assignments or error as follows:
1. The District Court erred in overruling the exception of no cause of action and in applying Section 2220.4, Part I, Chapter 10, Title 38 to this case brought under Section 2293, Part V, Chapter 10, Title 38 to award attorney fees to DOTD and CAAL. Part V makes no provision for attorney fees for a prevailing defendant or a prevailing plaintiff. Section 2220.4 of Part II is only applicable to a civil action brought for declaratory judgment by a "whistle-blower," (a person with direct knowledge) alleging a violation of Part II the Public Bid Law, La. R.S. 38:2211, et. seq., and then only if the procedural requisites are strictly adhered to. Such is not the case here.
2. The District Court also erred when it denied summary judgment to Diamond B against CAAL and awarded attorney fees to CAAL under La. R.S. 38:2220.4, which states: "The court shall also award to any prevailing defendant costs and reasonable attorney fees." CAAL is not a defendant, but merely an intervenor in this suit.
3. The District Court erred in holding that a motion requesting additional relief for attorney fees filed after final judgment on the main demand and all incidental demands was not barred by res judicata.

DISCUSSION

Exception of Res Judicata
For judicial efficiency, we first address Diamond B's third assignment of error and related arguments urged in response. In its third assignment of error, Diamond B contends that the requests for additional relief, i.e., attorney's fees, filed after final judgment on the main demand and all incidental demands are barred by res judicata. In response, both the DOTD and CAAL contend that the issues presented in this assignment have previously been rejected via this court's denial of Diamond B's writ application. They argue that this court is prohibited from revisiting the issue of attorney's fees challenged on appeal pursuant to the "law of the case" doctrine. We disagree.
Pretermitting plaintiff's argument that its writ application and any consideration thereof by this court, did not encompass all of its exceptions at issue on appeal, we find this court is not precluded from re-evaluation of the issue raised by Diamond B herein merely by virtue of our earlier denial of its writ application. See *434 Dupre v. Maynard, 96-1183, p. 3 (La.App. 1st Cir.3/27/97), 692 So.2d 36, 38, writ denied, 97-1508 (La.9/26/97), 701 So.2d 986. Generally, when an appellate court reviews and considers arguments made in supervisory writ applications or responses to such applications, the court's disposition on the issue considered becomes the "law of the case" foreclosing relitigation of that issue either at the trial court on remand or in the appellate court on a later appeal. See Easton v. Chevron Industries, Inc., 602 So.2d 1032, 1038 (La.App. 4th Cir.), writ denied, 604 So.2d 1315 (La.1992). However, the denial of a writ application creates a different situation. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Dupre v. Maynard, 96-1183 at p. 3, 692 So.2d at 38. Also, application of the "law of the case" principle to decisions made on applications for supervisory writs is discretionary. Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 705 (La.App. 1st Cir.), writ denied, 605 So.2d 1099, 1100 (La.1992) (citing Landry v. Aetna Insurance Company, 442 So.2d 440 (La.1983)). Further, it has been held that where a prior disposition is clearly erroneous and will create a grave injustice, it should be reconsidered. Turner v. Pelican, 94-1926, p. 14 (La.App. 4th Cir.9/15/95), 661 So.2d 1065, 1072, writ denied, 95-2513 (La.12/15/95), 664 So.2d 441. Therefore, a prior "determination" in a pre-trial writ application is not necessarily binding on a subsequent appeal.
In the instant case, Diamond B's application for supervisory writs was denied "[o]n the showing made." Because it is well established that the denial of a writ based on a limited showing does not pretermit further review of the matter after final judgment on appeal, we shall address Diamond B's assignment of error and review the propriety of awarding attorney's fees after final judgment herein.
Louisiana Revised Statutes 13:4231, which sets forth the doctrine of res judicata, provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, 95-0654, 95-0671, pp. 11-12 (La.1/16/96), 666 So.2d 624, 631. The original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. Leon v. Moore, 98-1792, p. 4 (La.App. 1st Cir.4/1/99), 731 So.2d 502, 504, writ denied, 99-1294 (La.7/2/99), 747 So.2d 20. A decided case precluded a *435 second suit only if it involved (1) the same parties, (2) the same cause of action, and (3) the same object of demand as the prior suit. Leon, 98-1792 at p. 4, 731 So.2d at 504 (citing Arbour, The Louisiana Concept of Res Judicata, 34 La.L.Rev. 763, 764 (1974)). However, under LSA-R.S. 13:4231, as amended in 1990, effective January 1, 1991, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. Leon, 98-1792 at p. 4, 731 So.2d at 504. Thus, the chief inquiry a court must make is whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Terrebonne Fuel & Lube, Inc., 95-0654, 95-0671 at p. 12, 666 So.2d at 632.
The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata. Insurance Associates, Inc. v. Francis Camel Construction, Inc., 95-1955, p. 3 (La.App. 1st Cir.5/10/96), 673 So.2d 687, 689. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Leon, 98-1792 at p. 5, 731 So.2d at 504-05.
In addition to the principles set forth in LSA-R.S. 13:4231, LSA-C.C.P. art. 425 provides that a party "shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." The comments to this article, also amended in 1990, effective January 1, 1991, state that the amendment "expands the scope of this Article to reflect the changes made in the defense of res judicata and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised." Further, LSA-C.C.P. art. 891 was also amended and provides that a petition "shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." The comments to article 891 explain:
This Article is amended to reflect the changes made in the defense of res judicata. Except as otherwise provided by law, the plaintiff is required to set forth the facts of the transaction or occurrence that is the subject matter of the litigation, and not merely the facts supporting the cause of action asserted, because all causes of action arising out of that transaction or occurrence are considered to have been submitted for adjudication and will be barred or merged in the judgment.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. LSA-R.S. 13:4231; LSA-C.C.P. art. 425; Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 4 (La.7/2/96), 676 So.2d 1077, 1079; Leon, 98-1792 at p. 4, 731 So.2d at 504. Inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Jackson v. Iberia Parish Government, 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524; Terrebonne Fuel, 95-0654, 95-0671 at p. 16, 666 So.2d at 634. Once a final judgment acquires res judicata status, no court has jurisdiction to change the judgment. Certified Finance, Inc. v. Cunard, XXXX-XXXX, p. 3 (La.App. 1st Cir.4/17/02), 838 So.2d 1, 4, writ denied, XXXX-XXXX (La.10/14/02), 827 So.2d 424.
Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on *436 the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.
Certified Finance, Inc., XXXX-XXXX at p. 3, 838 So.2d at 4, (citing Hudson v. City of Bossier, 33,620, p. 7 (La.App. 2nd Cir.8/25/00), 766 So.2d 738, 743, writ denied, 2000-2687 (La.11/27/00), 775 So.2d 450).
Although claims for attorney's fees constitute a separate cause of action, the current versions of LSA-C.C.P. art. 425 and LSA-R.S. 13:4231 mandate the mover to assert all claims that arise out of the same transaction or occurrence in one action. Wood v. May, 95-0589, p. 2 (La.App. 4th Cir.6/7/95), 658 So.2d 8, reversed on other grounds, 95-2224 (La.11/27/95), 663 So.2d 739. Any additional claim will be ordinarily barred by the principles of res judicata. Wood, 95-0589 at p. 2, 658 So.2d at 8.
In the instant case, the DOTD concedes it did not request attorney's fees in its initial pleadings, answer, or reconventional demand. Likewise, pretermitting whether CAAL as an intervenor, was entitled to attorney's fees, CAAL does not dispute that it did not request attorney's fees in its petition of intervention or at any other time prior to final judgment. Notably, expert fees and costs were specifically requested. Thus, the judgment dated May 31, 2000, dismissing plaintiff's suit and granting declaratory relief in favor of the DOTD, cast Diamond B with all expert witness fees and court costs as prayed for, yet was silent with regard to attorney's fees. Only after all appeals from that judgment to this court and the Supreme Court were exhausted did the DOTD and CAAL seek statutory attorney's fees.
A judgment determining the merits of a case is a final judgment. LSA-C.C.P. art. 1841; see also Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206. A valid and final judgment is conclusive between the same parties, except on appeal or other direct review. LSA-R.S. 13:4231 If a certiorari application is filed, the court of appeal judgment becomes final and definitive when the Supreme Court denies the application for certiorari. LSA-C.C.P. art. 2166 D; Avenue Plaza, L.L.C., 96-0173 at pp. 4-5, 676 So.2d at 1079.
Once the Supreme Court denied further review of this case, the judgment of this court became final. Because the claims for attorney's fees later asserted by the DOTD and CAAL, although presenting a separate cause of action, arose out of the same transaction or occurrence that formed the subject matter of the litigation, the DOTD and CAAL were required to raise or advance such claims prior to final judgment in the earlier suit. Stated simply, all causes of action arising out of the original transaction or occurrence are considered to have been submitted for adjudication and are barred or merged in the judgment. See Wood, 95-0589 at p. 2, 658 So.2d at 9.
Further, we find no merit to the DOTD's and CAAL's arguments that the use of the word "shall" in the statute granting attorney's fees relieves them of *437 the obligation to plead or otherwise timely raise these claims or be forever barred from asserting them. As Diamond B correctly observed, the right to such relief, if it existed herein, is not self-operative.[8]
Applying the legal precepts and jurisprudence cited above, we find that the motions for attorney's fees filed by the DOTD and CAAL are barred by the doctrine of res judicata, and the trial court erred in failing to so find. Finding merit to this assignment of error, we pretermit discussion of the remaining assignments.

CONCLUSION
For the above and foregoing reasons, the portion of the December 17, 2001 judgment of the trial court denying Diamond B's exception of res judicata and awarding attorney's fees to the DOTD is reversed and vacated. The remaining portion of the judgment awarding court costs, interest, and expert witness fees is affirmed. The portion of the December 17, 2001 judgment of the trial court awarding attorney's fees to CAAL is likewise reversed and vacated. The remaining portion of the judgment regarding court costs and interest is affirmed.
Costs of this appeal in the amount of $12,277.30 are assessed equally against the DOTD and CAAL.
AFFIRMED IN PART, AND REVERSED IN PART.
McCLENDON, J., concurs in the result.
NOTES
[1] An amicus curiae brief was filed on behalf of Louisiana Associated General Contractors, Inc. with leave of court after this appeal was lodged.
[2] See Diamond B Construction Company, Inc. v. Louisiana Department of Transportation and Development, XXXX-XXXX (La.App. 1st Cir.12/21/00), 780 So.2d 436, writ denied, XXXX-XXXX (La.4/20/01), 790 So.2d 633, where this court affirmed the trial court's denial of injunctive relief to Diamond B, and its companion case, Diamond B Construction Company. Inc. v. Louisiana Department of Transportation and Development, XXXX-XXXX (La.App. 1st Cir.12/21/00), 780 So.2d 439, writ denied, XXXX-XXXX (La.4/20/01), 790 So.2d 633, where this court affirmed the dismissal of Diamond B's case on summary judgment against the DOTD and the denial of Diamond B's motion for new trial.
[3] See Diamond B Construction Company, Inc., XXXX-XXXX at pp. 6-7, 780 So.2d at 439.
[4] See Diamond B Construction Company, Inc., XXXX-XXXX at p. 18, 780 So.2d at 449.
[5] See Diamond B Construction Company, Inc. v. Louisiana Department of Transportation and Development, XXXX-XXXX, XXXX-XXXX (La.4/20/01), 790 So.2d 633.
[6] Diamond B Construction Company, Inc. v. Louisiana Department of Transportation and Development, 2001CW2378 (La.App. 1st Cir.11/15/01), writ denied, XXXX-XXXX (La.3/8/02), 811 So.2d 884.
[7] We note that the trial court's award of court costs and expert witness fees are not challenged on appeal. Thus, these awards are not before us for review.
[8] Even if we were to accept the interpretation of the "mandatory" nature of an attorney's fee award as suggested by the DOTD and CAAL, such an award would constitute an integral component of the remedy afforded them; and the trial court's obvious failure to make such an award in its judgment could have been addressed through a motion for a new trial or by answer to Diamond B's previous appeal. Notably, neither the DOTD nor CAAL raised the issue of attorney's fees prior to trial and neither requested that the issue be addressed in a separate trial or hearing.