STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0238

THEODORE CYPRIAN

VERSUS

TANGIPAHOA PARISH SCHOOL SYSTEM, AND PUBLIC EDUCATORS
ASSOCIATION OF TEXAS

**Judgment Rendered:** **NOV 1 6 2021**

* * * * * *

Appealed from the
.Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Suit Number 2019-0003046

Honorable Brian K. Abels, Presiding

* * * * * *

| | |
|---|---|
| Thomas E. Schafer, III<br>Albert D. Giraud<br>New Orleans, LA | Counsel for Plaintiff/Appellant<br>Theodore Cyprian |
| Christopher Moody<br>Hammond, LA | Counsel for Defendant/Appellee<br>Tangipahoa Parish School System |
| Matthew Crumhorn<br>Covington, LA | Counsel for Defendant/Appellee<br>Public Educators Association<br>of Texas |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

Plaintiff, Theodore Cyprian, appeals from a trial court judgment granting an exception raising the objection of *res judicata* filed by the Tangipahoa Parish School System (school system) and dismissing his claims against it with prejudice. For the reasons that follow, we reverse.

### FACTS AND PROCEDURAL HISTORY

On September 25, 2018, Mr. Cyprian was driving a Ford F-250 truck when a school bus driven by an employee of the school system ran into the rear of his vehicle. Thereafter, on September 30, 2019, Mr. Cyprian filed a petition for damages, naming school system and Public Educators Association of Texas, the alleged insurer of the school system, as defendants. Mr. Cyprian alleged that as a result of the accident, he sustained personal injuries to his lower back, for which he received and continues to receive treatment.

The school system answered the petition and filed an exception raising the objection of *res judicata*. The school system alleged that plaintiff had entered into a compromise agreement, settling "any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damages" arising out of said accident with exceptor and co-defendant Public Educators Association of Texas. As such, the school system asserted that Mr. Cyprian is precluded from bringing a subsequent action based upon the matter that was compromised and requested that the exception raising the objection of *res judicata* be maintained and that Mr. Cyprian's case be dismissed with prejudice. The school system attached a copy of the petition in this matter and a copy of the undated Release of All Claims signed by Mr. Cyprian to its memorandum in support of the exception.

Mr. Cyprian thereafter filed a response to the school system's exception, to which Mr. Cyprian attached his own affidavit. Mr. Cyprian stated that the truck was owned by his father; that the cost to repair the damage to the truck was estimated at

2

$1,766.11; that the school system referred him to speak with Tammy Tate, who advised him that in order to receive check to cover the cost to repair the truck he would need to sign a release; that Ms. Tate sent him a check in the amount of $1,766.11 along with a release, which he signed; that he did not read nor understand the release; and that subsequent to signing the release, Ms. Tate told him she would help him with submitting any claims and continued to negotiate with Mr. Cyprian's attorney to resolve his claims personal injury claims.

Following a hearing on the exception,[1] at which no evidence from either party was submitted, the trial court signed a judgment maintaining the exception raising the objection of *res judicata* and dismissing Mr. Cyprian's claims against it with prejudice. Mr. Cyprian thereafter filed a motion for new trial, which was denied. Mr. Cyprian now appeals the trial court's judgments.

## DISCUSSION

Louisiana Revised Statute 13:4231 defines the doctrine of *res judicata* as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

---

[1] There is no transcript of the zoom hearing held on the exception raising the objection of *res judicata* in the record; however, the minutes of the court indicate that the court merely heard the arguments of counsel at the hearing. Those minutes do not reflect that either party formally introduced exhibits attached to their memoranda in support of and in opposition to the exception at this hearing.

3

The Louisiana Supreme Court has held that a valid compromise can form the basis of a plea of res judicata. Ortego v. State, Department of Transportation and Development, 96-1322, p. 7 (La. 2/25/97), 689 So. 2d 1358, 1364.

On the trial of the peremptory exception raising the objection of *res judicata*, the burden of proving the facts essential to sustaining the objection is on the party pleading the objection. Diamond B Const. Co., Inc. v. Department of Transp. and Development, 02-0573, p. 8 (La. App. 1st Cir. 2/14/03), 845 So. 2d 429, 435. However, evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Denoux v. Vessel Management Services, Inc., 07-2143, p. 6 (La. 5/21/08), 983 So. 2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal. Denoux, 07-2143 at p. 6, 983 So. 2d at 88-89.

In the instant case, the school system filed its exception raising the objection of *res judicata* based on a compromise entered into with Mr. Cyprian. The school system attached a copy of the Release of All Claims to its memorandum in support of its exception. However, the school system did not introduce a copy of the release into evidence at the hearing on the exception. Because this court cannot consider exhibits filed into the record as an attachment to a memorandum in determining the issues on appeal, we find, based on the record before us, that the school system failed to establish a valid compromise and therefore, failed to meet its burden of proof on the exception. See Union Planters Bank v. Commercial Capital Holding Corp., 04-0871, p. 3 (La. App. 1st Cir. 3/24/05), 907 So. 2d 129, 130. Accordingly, we find the trial court erred in maintaining the school system's exception raising the objection of *res judicata*.

4

## CONCLUSION

For the foregoing reasons, we reverse the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal in the amount of $929.00 are assessed to the Tangipahoa Parish School System.

**REVERSED AND REMANDED.**