| | | |
|---|---|---|
| CHALYN PEREZ | * | NO. 2022-CA-0350 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| DANN CAHOON AND | * | |
| KRISTEN CAHOON | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-03590, DIVISION "F-14"
Honorable Jennifer M Medley,
\* \* \* \* \* \*
**Judge Roland L. Belsome**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Pro Tempore James F. McKay, III)

Kent A. Lambert
Sarah K. Casey
Kristen L. Hayes
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFF/APPELLANT

Miles P. Clements
Zachary J. Ardoin
PHELPS DUNBAR, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

                          **AFFIRMED**
            **NOVEMBER 21, 2022**

Plaintiff-Appellant, Mr. Chalyn Perez, seeks review of the judgment of the trial court granting Defendant-Appellees Mr. Dann and Ms. Kristen Cahoon ("the Cahoons")'s Motion for Summary Judgment, and dismissing Mr. Perez's claims against them with prejudice. For the reasons that follow, this Court affirms.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from an unperfected sale of immoveable property, litigation concerning that unperfected sale, and a subsequent separate action to recover attorney fees incurred in the prior litigation.

On March 14, 2018, Mr. Perez and the Cahoons entered into a Louisiana Residential Agreement to Buy or Sell ("Purchase Agreement") regarding the sale of an empty lot owned by the Cahoons, adjacent to their residence. In his original offer, Mr. Perez had specified a closing date of "10 days from acceptance of this offer"; however, Mr. Perez accepted a counteroffer made by the Cahoons which altered the closing date to "72 hours proceeding subdivision from existing home." This change was motivated by the fact that the Cahoons were required to subdivide

1

the lot from their existing home before the sale could be perfected, a process requiring application to the City of New Orleans. In consideration for the contemplated sale, Mr. Perez provided a $5,000 deposit.[1] Subsequently, the parties agreed to a further modification of the closing date of the sale, to April 30, 2018.

However, unforeseen delays at the City resulted in the Cahoons' failure to subdivide their property by April 30, 2018. The Cahoons' agent proposed to extend the closing date, but Mr. Perez refused and opted to unilaterally cancel the sale on May 7, 2022, pursuant to a provision of the Purchase Agreement authorizing such in the event of default by the seller. In his cancellation, Mr. Perez also proposed a return of his deposit, as provided in the Purchase Agreement in the case of the seller's default. However, the Cahoons did not agree to Mr. Perez's cancellation of the Purchase Agreement, arguing that they were entitled to a thirty-day extension (until May 30, 2018) under a provision of the Purchase Agreement allowing for any required curative title work. The Cahoons obtained subdivision of the property prior to May 30, 2018, but Mr. Perez refused to complete the sale, maintaining that the Purchase Agreement had expired by its terms when the Cahoons failed to close the sale by April 30, 2018. Thereafter, the Cahoons executed their own cancellation, which proposed the parties split the deposit evenly. Mr. Perez refused, and counteroffered to allow the Cahoons to keep $1,750 of the deposit with the remainder returned, but the Cahoons refused.

---

[1] The deposit was initially held by K.W.E.J., L.L.C. d/b/a Keller Williams Realty 455-0100 ("Keller Williams Realty"). When the right to the deposit was contested (as discussed herein), Keller Williams Realty transferred the deposit to the registry of the court after filing a petition in concursus, which was granted by the trial court.

In July of 2019 the Cahoons filed suit against Mr. Perez, claiming that Mr. Perez breached the Purchase Agreement in failing to complete the sale, seeking stipulated damages as well as entitlement to the $5,000 deposit.[2] However, the trial court, Judge Paulette Irons presiding, granted Mr. Perez's exception of no cause of action, apparently agreeing with Mr. Perez's arguments that the Purchase Agreement expired by its own terms when the Cahoons failed to subdivide their property by April 30, 2018. That judgment, dated October 24, 2019, dismissed the Cahoons' claims with prejudice. Notably, the judgment decreed that "Plaintiffs [the Cahoons] bear the costs associated with this Exception" but did not award attorney fees, as requested by Mr. Perez in his written exception. Neither party appealed Judge Irons' October 24, 2019 judgment, which therefore became final and unappealable once the time to do so expired.

On May 6, 2020, Mr. Perez filed suit against the Cahoons, seeking a judgment for attorney fees he incurred in the prior suit before Judge Irons, as well as those he incurred in bringing this second suit. This second suit is the subject of the present appeal. Mr. Perez claimed entitlement to attorney fees under a provision of the Purchase Agreement which provided that "[t]he prevailing party to any litigation brought to enforce any provision of this Agreement shall be awarded their attorney fees and costs." Mr. Perez filed a Motion for Summary Judgment, which was denied by the trial court on August 26, 2021, Judge Jennifer Medley presiding. Mr. Perez sought supervisory writ regarding Judge Medley's August 26, 2021 judgment, which was denied by this Court.[3] Subsequently, the Cahoons filed

---

[2] Titled *Dann Cahoon and Kristen Cahoon v. Chalyn Perez*, No. 2019-04522, Div. M, Section 13, in the Civil District Court for the Parish of Orleans.

3

their own Motion for Summary Judgment, arguing that Mr. Perez's suit was barred by La. R.S. 13:4231, which sets forth the doctrine of *res judicata* in Louisiana. In the motion, the Cahoons argued that Mr. Perez's claims for attorney fees were litigated in the prior suit before Judge Irons, and that Judge Irons' judgment was silent as to attorney fees, thus indicating a denial on that claim. On March 17, 2022, the trial court granted the Cahoons' Motion for Summary Judgment, dismissing Mr. Perez's claims with prejudice.[4] Mr. Perez's timely appeal to this Court followed.

## DISCUSSION

The exception of *res judicata* raises a question of law; therefore, appellate courts review a dismissal on such grounds *de novo*. *Anaya v. Legg Mason Wood Walker, Inc.*, 2007-0654, p. 8 (La. App. 4 Cir. 5/14/08), 985 So. 2d 281, 286. The question before this Court is whether a plaintiff who did not receive an award of attorney fees in prior litigation is precluded from filing a separate, subsequent action in an attempt to recover them. Because a claim for attorney fees arises out of the initial litigation and exists at the time of that litigation, we hold that such an action is barred.

As this Court has previously noted, "[t]he doctrine of res judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment. It is designed to promote judicial efficiency and final resolution of disputes." *Igbokwe v. Moser*, 2012-1366, p. 4 (La. App. 4

---

[3] *Chalyn Perez v. Dann Cahoon and Kristen Cahoon*, 2021-C-0495 (La. App. 4 Cir. 9/29/21), unpub. It should be noted that denial of Mr. Perez's writ has no precedential effect on this case, as writ denials do not constitute the "law of the case." *State v. Ellis*, 2013-1401, p. 25 (La. App. 4 Cir. 2/4/15), 161 So. 3d 64, 79.

[4] Judge Medley's March 17, 2022 judgment did not address the Cahoons' Reconventional Demand for their own attorney fees incurred in defending the current suit, which therefore remains pending in the trial court subject to further proceedings.

4

Cir. 4/24/13), 116 So. 3d 727, 730 (citations omitted). The Supreme Court has interpreted Louisiana's *res judicata* statute, La. R.S. 13:4231, to require five elements that must be present for *res judicata* to preclude a later suit: "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Chevron U.S.A., Inc. v. State*, 2007–2469, p. 10 (La. 9/8/08), 993 So. 2d 187, 194. The first three elements are clearly satisfied in this case, as neither party contests; therefore, only the fourth and fifth elements will be discussed in this opinion, in reverse order.

***The Fifth Element***

The fifth element of *res judicata* asks whether the cause or causes of action asserted in the second suit arise out of the transaction or occurrence that was the subject matter of the first litigation. *Id.* In the case *sub judice*, this element is clearly satisfied. The previous litigation before Judge Irons concerned a dispute over who had breached the Purchase Agreement between Mr. Perez and the Cahoons, and, therefore, who was entitled to Mr. Perez's deposit of $5,000. Mr. Perez claims entitlement to attorney fees in the case *sub judice* based on that very same Purchase Agreement.

Mr. Perez concedes that his entitlement to attorney fees is based on the Purchase Agreement, but argues that "the cause of action is entirely separate and does not arise" from the Purchase Agreement. This Court has previously held that a plaintiff was precluded from amending their petition, post-judgment, to include a claim for attorney fees under the principles of *res judicata*, reasoning that such an

5

action arises from the same transaction or occurrence, regardless of whether or not it constitutes a separate cause of action. *Wood v. May*, 95-0589, pp. 2-3 (La. App. 4 Cir. 6/7/95), 658 So. 2d 8, 9, *reversed on other grounds*, 95-2224 (La. 11/27/95), 663 So. 2d 739. In *Wood*, the Court noted that

> [B]efore La. C.C.P. art. 425 and La. R.S. 13:4231 were amended, [a plaintiff] could bring a subsequent action for claims for penalties and attorney's fees based on the theory that the second suit is based on different causes of action; suit on one obligation did not preclude a later suit on the other. *Cantrelle Fence & Supply Co., Inc. v. Allstate Ins. Co.*, 515 So.2d 1074 (La.1987). *Cantrelle* did not hold that plaintiff could bring an amended petition after judgment was rendered by the trial court in the first suit, but the Louisiana Supreme Court upheld a second separate action.
>
> However, under the current versions of La. C.C.P. art. 425 and La. R.S. 13:4231, although plaintiff's claims for penalties and attorney's fees constitute separate causes of action, the plaintiff must assert all claims that arise out of the same transaction or occurrence in one action. Any additional claim will be barred by the principles of res judicata.

*Id.* at p. 2, 658 So. 2d at 9. This Court finds *Wood* to be applicable to the case *sub judice*, and holds that Mr. Perez's claim for attorney fees arises from the same transaction that was at issue before Judge Irons in the previous litigation.

**The Fourth Element**

The fourth element of *res judicata* asks whether the cause of action asserted in the second suit existed at the time of the first. *Chevron*, 2007-2469, p. 10, 993 So. 2d at 194. In arguing that his claim for attorney fees did not exist at the time of the first suit, Mr. Perez relies almost exclusively on the Court's opinion in *Eckstein v. Becnel*, 2019-0720 (La. App. 4 Cir. 6/3/20), 302 So. 3d 67. The panel in *Eckstein* held that a motion for attorney fees filed after rendition of a final judgment was not precluded by *res judicata*. However, this Court finds *Eckstein* to be distinguishable.

In *Eckstein*, the parties had entered into a Settlement Agreement and Consent Judgment regarding a dispute as to Eckstein's ownership interest in a company formed by the two. The Settlement Agreement contained a clause providing, in relevant part, that "[i]f any party institutes legal action to enforce or interpret the terms and conditions of this Agreement, the prevailing party shall be awarded reasonable attorneys' fees" (similarly to the attorney fees provision in the Purchase Agreement *sub judice*). Eckstein brought suit to enforce the Settlement Agreement, which provided for certain royalties to be paid to him. The trial court, Civil District Court Judge Kern Reese presiding, found in Eckstein's favor, and Becnel appealed. After the appeal was resolved in Eckstein's favor, he filed a Motion to Set Attorney's Fees before Judge Reese, pursuant to the Settlement Agreement provision, which Judge Reese granted. On appeal from the judgment awarding Eckstein attorney fees, Becnel argued that such an action violated the principles of *res judicata*, as Eckstein had pled for but was not awarded attorney fees by the trial court in his original action, the Motion to Enforce Settlement Agreement. Under those circumstances, this Court held that Eckstein's claims to attorney fees were not barred.

While *Eckstein* is somewhat similar to the case *sub judice*, there are several key differences as well. Most significantly, in bringing his motion Eckstein brought the issue of attorney fees to the same court, division, and judge that ruled on his Motion to Enforce Settlement Agreement, specifically Judge Kern Reese. This procedure, while not specifically authorized by the Code of Civil Procedure, meant that the fact-finder to hear the incidental issue of attorney fees was the same as that which heard the merits of the case. In the case *sub judice*, Mr. Perez filed an entirely new suit, which was therefore heard by a different judge and division.

7

Additionally, the Court in *Eckstein* noted that Judge Reese had apparently reserved the issue of attorney fees during the pendency and appeal of his decision to grant Eckstein's Motion to Enforce Settlement Agreement, as Judge Reese stated at the hearing that doing so was his policy and custom. No such reservation occurred in the case *sub judice*.

Finally, Mr. Perez's claim that his right to attorney fees did not exist at the time of the initial litigation of the Purchase Agreement before Judge Irons is at odds with the fact that Mr. Perez actually asserted a right to attorney fees in his exception to that litigation, along with his right to court costs. Significantly, Judge Irons awarded Mr. Perez his prayed-for costs, while remaining silent as to attorney fees. "The silence of the judgment on any demand which was an issue in the case under the pleadings must be considered as an absolute rejection of the demand." *Soniat v. Whitmer*, 141 La. 235, 240, 74 So. 916, 918 (La. 1916).

For these reasons, this Court finds that Mr. Perez's claim to attorney fees existed at the time of the initial litigation before Judge Irons, thus satisfying the fourth element of *res judicata*.

## CONCLUSION

For the foregoing reasons, this Court holds that Mr. Perez's claims for attorney fees are barred by *res judicata*. When Judge Irons failed to award Mr. Perez attorney fees at the conclusion of the initial litigation, Mr. Perez was required to pursue that claim at that time, either through a motion for reconsideration, a motion for new trial, or through an appeal. This Mr. Perez failed to do, and thus Judge Iron's judgment became final and controlling between the parties as to that dispute as well as all others arising therefrom. Thus, this Court

8

finds no error in the dismissal of Mr. Perez's claims with prejudice, and therefore affirms the trial court's judgment.

**AFFIRMED**