REDMANN, Chief Judge.
We reverse, on certiorari, a trial judge’s refusal to temporarily restrain, La.C.C.P. 3603, seizure of petitioner’s bank account in execution of a default judgment upon a petition to which petitioner’s timely dilatory exception of improper cumulation of actions had been sustained.
On April 22, 1986, Dale Zibilich and Susan Cavet sued Clark W. Taylor, doing business as Self-Service Storage and Mini Warehouse, for the value of each’s furniture stolen from Taylor’s storage facility. On October 3, 1986, the trial judge sustained defendant’s exception of improper cumulation of actions by improper joinder of parties plaintiff. The judgment sustaining the exception is silent as to removal of the grounds of objection, but respondent represents that the trial judge verbally “ordered that Zibilich or Cavet file another lawsuit.”
On October 14 Cavet did file another suit, to which Taylor filed an exception.
On January 15,1987, Zibilich confirmed a default judgment (preliminarily entered on January 9) in the original action brought by Zibilich and Cavet together. On March 24, after the appeal period passed, Zibilich seized Taylor’s bank account at Hibernia National Bank. Taylor thereupbn sued in a separate action to enjoin the seizure of the bank account, and at the same time moved in the original action to set aside the default judgment. The trial judge refused the temporary restraining order, at a meeting in his chambers with counsel for Taylor and Zibilich.
We granted certiorari and stayed execution, our order providing that “if respondent did, after the sustaining of the exception, take action to cure the defect that would justify the taking of the default judgment, respondent may by certified copies so inform this court for its reconsideration of this stay order.”
*842 Respondent has provided us with certified copies of pleadings in the second action filed by Cavet, and raises four objections to our grant of certiorari and stay order.
Respondent’s first contention is that this court should have ordered reargument before a panel of five judges, which is required by La. Const, art. 5 § 8(B) when a judgment is to be “modified or reversed and one judge dissents....” Our order neither modified nor reversed but only granted certiorari and meanwhile stayed the judgment. Art. 5 § 8(B) does not require five judges for a nonunanimous stay order; art. 5 § 2 supports the contrary constitutional conclusion, for it allows a single judge of a court of appeal to issue any needful order, subject to review by the whole court.
Respondent’s second contention is that, without allowing respondent an opportunity to be heard, we “ruled on the merits of the case, i.e., whether a default judgment was validly confirmed.” Respondent misinterprets our earlier order. Our order merely recites that, according to petitioner’s lawyer, “a member of the Bar” whose recitals therefore require some credence, the judgment of default was rendered “after the trial court had sustained a dilatory exception ..., with no action taken ... to remedy the improper cumulation....” Our order did not rule on the merits of the case, and therefore did not deny Zibilich the right to be heard before doing so.
Respondent’s third contention addresses the merits of the case. Respondent shows that, although respondent did nothing to remedy the improper cumulation of actions, nor to indicate in the record in the original case that original co-plaintiff Cavet had done anything, in fact co-plaintiff Cavet did file another suit — although Cavet, too, did nothing in the original case to have herself removed as a plaintiff.
The question, then, is whether improper cumulation of actions by misjoinder of two plaintiffs is cured by one of the plaintiffs’ simply filing a second suit. The answer is that it is not. La.C.C.P. 933, 2d para., provides:
“When the grounds of the other objections [than want of amicable demand or prematurity] pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order.”
The judgment sustaining the exception of improper cumulation in this case did not order plaintiff to remove the ground of the objection within a delay allowed by the court (nor itself remove it, as by ordering separate trials, authorized by C.C.P. 464), but it also did not. dismiss the action as if the grounds were unremovable. The ground of improper joinder of parties is removable, as by dismissal of one of the improperly cumulated claims. In the absence of a dismissal by one of two improperly joined plaintiffs, however, the action remains an action including two improperly cumulated claims, as to which the previous sustaining of the dilatory exception of improper cumulation of actions prevents any judgment by default — for either Zibilich or Cavet. Zibilich does not suggest any basis for his claimed right to the original action except that Cavet filed another action. But the filing of another action by one of the plaintiffs is not the equivalent of the dismissal of that plaintiff from the first action, as the existence in law of the exception of lis pendens (the pendency of another action), C.C.P. 925(3), demonstrates.
Accordingly, the granting of a default judgment in the original action appears so plainly wrong that petitioner is entitled to a temporary restraining order enjoining its enforcement during the brief time necessary to schedule a hearing on the rule for preliminary injunction.
Respondent’s fourth objection is that we erred in granting a stay order because (as Judge Ward contended in dissent) our stay order had the effect of a temporary restraining order without bond, and C.C.P. 3610 prohibits the issuance of a temporary restraining order without bond except where dispensed with by law. A *843 stay order does have an effect somewhat like a temporary restraining order, but appellate judges have the authority to issue any needful writs in aid of the jurisdiction of the court, Const, art. 5 § 2, including the authority to stay lower court proceedings when the interests of justice so require. La.Sup.Ct. Rule 10 § 5; Unif.Rules Cts. App., Rule 4-4. The interests of justice required a stay in this case because, according to the representations made by a member of the Bar, a default judgment was taken after petitioner’s exception had been maintained, and then, after the time for appeal had passed, petitioner’s bank account had been seized in execution of that default judgment. The supervisory jurisdiction of this court would be rendered impotent, if a palpably wrongly entered but now final default judgment could be executed while this court took time for briefing and for reaching a final, considered decision upon a writ application. (Our order protected respondent by promising reconsideration of the stay on respondent’s showing of misrepresentation, as noted above.) The interests of justice require that a facially insupportable judgment, rendered after the sustaining of an exception, not be permitted to take away one’s bank account or one’s home while one awaits appellate review of the trial court’s erroneous refusal of temporary restraining order against such a judgment.
Petitioner sought the temporary restraining order conditioned on bond as usual, and we therefore need not consider whether the circumstances require our setting aside the default judgment itself rather than merely ordering a temporary restraining order with bond.
Finally, we note that one judge dissents from this panel’s reversal of the trial judge’s order refusing a temporary restraining order. The question therefore arises whether we should convoke a five-judge panel to decide that question, as La. Const. art. 5 § 8(B) requires “when a judgment of a district court is to be modified or reversed and one judge dissents.”
We do not modify or reverse the default judgment. We reverse the trial court’s order refusing a temporary restraining order against the judgment’s execution. We are of the opinion that art. 5 § 8(B)’s requirement of unanimity of a three-judge panel to modify or reverse a “judgment” does not require unanimity of a three-judge panel to reverse such an order.
Judgment is not defined by the constitution, but it is a reasonably well understood term, for which one definition is provided by La.C.C.P. 1841: “A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” Interlocutory and final judgments (also there defined), whether related to law or to fact, are both included in the constitutional term judgment. Bank of New Orleans & T. Co. v. Seavey, 383 So.2d 354 (La.1980).
Not every action by a trial court is a judgment, however. Riley v. Christie, 13 La.Ann. 256 (1858), and Harrod v. Voorhies, 16 La. 254 (1840), discuss the distinction between judgment and order, holding executory process orders for seizure and sale not judgments, notwithstanding their appealability of right. Those cases do not control this one, but they do show that a distinction between order and judgment is recognized. See also former Code of Practice (1870) art. 540. We deem it clear that a trial court’s order fixing a date for trial, or granting or denying a continuance, is not an interlocutory “judgment” that would require unanimity for modification by a three-judge panel. A pre-trial order for a deposition and a mid-trial evidentiary ruling are other examples of trial court actions that, in our opinion, do not seem to be judgments within the intent of art. 5 § 8(B), although the title “order” rather than “judgment” does not necessarily determine whether art. 5 § 8(B) applies. An “order” for alimony would presumably be held to be a judgment within that constitutional provision — as might, today, an order for seizure and sale based on a confession of judgment in an executory proceeding. But there are, we repeat, some trial court actions that do not amount to judgments, and the question here is whether a temporary restraining order is one of those ac *844 tions or, instead, is a judgment for purposes of La. Const, art. 5 § 8(B).
The procedural law itself, C.C.P. 3601, titles a trial court's grant of relief, before formal trial of a rule for preliminary injunction, an order. Temporary restraining order is not a misnomer resulting from error of the judge or of counsel, but the name supplied by the Code of Civil Procedure. Furthermore, a temporary restraining order does not deny or “award any relief to which the parties are entitled,” any more than fixing a date for trial awards relief, in the sense of C.C.P. 1841, which we conclude contemplates some substantive relief rather than a purely procedural relief. A temporary restraining order’s grant of “relief” is only incidental to the preservation of the court’s power to determine whether the real relief sought (the injunction) should be granted. The temporary restraining order does not adjudicate the rights of the parties but, in a proper case, maintains a status quo pending a hearing on the rule for preliminary injunction (which itself suspends the exercise of a defendant’s rights pending the trial of the action for permanent injunction). We conclude that a temporary restraining order is not a judgment for purposes of La. Const, art. 5 § 8(B), and that we therefore need not submit this matter to a panel of at least five judges because our decision is not unanimous.
Decree
The order denying a temporary restraining order is reversed and it is ordered that the trial judge enter a temporary restraining order upon petitioner’s furnishing proper security. Because of the necessity of the situation, see Coleman v. Marzullo, 296 So.2d 437 (La.App.) cert. denied 297 So.2d 206 (La.1974), this order to the trial court to grant a temporary restraining order is effective immediately, notwithstanding the nondefinitiveness of a court of appeal judgment during the time for applying for rehearing or for certiorari. The stay order previously entered by this court remains in effect for two days following this decree to enable petitioner to furnish security to obtain the temporary restraining order hereby ordered.
WARD, J., dissents with opinion.