J^PETTIGREW, J.
Unsuccessful bidder on highway construction project brought action against the State of Louisiana, through the Department of Transportation and Development (“DOTD”), seeking to enjoin the award of the contract. After writs were exhausted, successful bidder intervened and joined DOTD’s reconventional demand for damages against unsuccessful bidder for delay of the project. Cross motions for summary judgment were filed by both sides. The trial court granted summary judgment and dismissed DOTD and inter-venor’s claims for damages, attorney fees, and costs. From this judgment, DOTD and intervenor have appealed.
FACTS
On August 25, 1999, the DOTD accepted bids, post advertisement, for State Project No. (“SPN”) 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 known as the Crescent City Connection Bridge No. 1, Repainting Segment 2, Main Bridge Superstructure, Route: U.S. 90 (Business), Orleans and Jefferson Parish (“the project”). Prior to the project having been awarded, DOTD discovered an error and, consequently, exercised its right to reject all bids and re-advertise the project. Following re-advertisement of the project, bids were again received, opened, and publicly read on December 15,1999.
Certified Coatings of California, Inc. (“Certified Coatings”) was the low bidder. M.P.G. Construction, Inc. and Alpha Painting & Construction Co., Inc., a Joint Venture (collectively “M.P.G./Alpha”), was the next lowest bidder. On January 10, 2000, M.P.G./Alpha filed a Petition for Preliminary Injunction, Permanent Injunction, Declaratory Judgment and Mandamus seeking to prevent DOTD from awarding the project and entering into a contract with Certified Coatings. On January 18, 2000, DOTD filed a Response and Recon-ventional Demand for Dissolution, Damages and Attorney Fees. Certified Coatings filed a Petition of Intervention on January 19, 2000.
A hearing on M.P.G./Alpha’s Request for Preliminary Injunction was held on January 21, 2000. Following this hearing, the trial court concluded that DOTD had committed no error in its award of the project to Certified Coatings and, accordingly, denied M.P.G./Alpha’s request for injunctive relief. M.P.G./Alpha thereafter filed an | ¡Application for Supervisory Writs and Injunction with this court as well as a devolutive appeal seeking expedited review of the trial court’s denial of injunctive relief.
The contract for the project was signed on February 9, 2000. In response to the writ action, 2000-CW-0237, this court issued an order, dated February 15, 2000, commanding that “the award and signing of the. contract and/or issuance of work orders and the performance of any work orders under the contract be stayed pending further orders” from the court. Thereafter, this court dissolved the order staying execution of the contract, and in a per curiam opinion in the writ action concluded on July 12, 2000,1 found that the *627trial court had committed no error. M.P.G./Alpha later sought Supervisory and/or Remedial Writs to the Louisiana Supreme Court that were similarly denied on August 30, 2000.2 Accordingly, this court later dismissed the appeal as “moot”, and writs were ultimately denied by the supreme court.3
While DOTD alleged that it pursued execution of the contract immediately, the stay delayed the start of the project for five months. Certified Coatings claimed that solely as a result of the legal action brought by M.P.G./Alpha, it had experienced an escalation in the labor, equipment, and insurance costs necessary to perform work on the project. On April 12, 2002, DOTD filed a Supplemental Recon-ventional Demand seeking damages and fees resulting from M.P.G./Alpha’s enjoining of the project and “perfecting a sus-pensive appeal without bond.” Certified Coatings filed its First Amending and Supplemental Reconventional Demand on April 18, 2002. Therein, Certified Coatings claimed that M.P.G./Alpha had been “successful in securing a preliminary injunction” from this court.
On June 10, 2002, M.P.G./Alpha filed a Motion for Summary Judgment wherein it alleged that it had never alleged a violation of the Louisiana Public Bid Law (R.S. 38:2211 |4et seq.), only violations of La. R.S.48:255 A, the statute that provides for the establishment of DOTD bid requirements and formalities. On July 16, 2002, DOTD filed a Cross Motion for Partial Summary Judgment with respect to the issue of liability. Certified Coatings later filed a similar Cross Motion for Partial Summary Judgment on August 5, 2002. A hearing was held on the Motion for Summary Judgment filed by M.P.G./Alpha and the Cross Motions for Partial Summary Judgment filed by DOTD and Certified Coatings on September 30, 2002. Following the hearing, the trial judge granted M.P.G./Alpha’s motion for summary judgment and dismissed with prejudice all claims, demands, and causes of action made against it. A final judgment to this effect was later signed by the trial court on November 18, 2002.
DOTD and Certified Coatings have separately appealed from the judgment of November 18, 2002.
ASSIGNMENT OF ERRORS
In connection with their appeal in this matter, DOTD and Certified Coatings allege that the trial court committed the following errors:
1. In determining that, legally, injunc-tive relief was not granted when DOTD was enjoined from awarding the contract, when DOTD and Certified Coatings were enjoined from signing the contract, when DOTD was enjoined from issuing work orders and/or DOTD and Certified Coatings were enjoined from performing any work on the Project;
2. In determining that M.P.G./Alpha was not legally liable to DOTD and Certified Coatings for damages and attorney’s fees under La.Code Civ. P. art. 3608; and
3. In determining that M.P.G./Alpha was not legally liable for attorney’s fees and costs under La. R.S. 38:2220.4.
*628SUMMARY JUDGMENT
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is. no genuine issue of material fact. Johnson v. Evan Hall Sugar Coop., Inc., 2001-2956, p. 3 (La.App. 1 Cir. 12/30/02), 836 So.2d 484, 486. Summary | ¿judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. P. art. 966(A)(2); Thomas v. Fina Oil and Chemical Co., 2002-0338, pp. 4-5 (La. App.l Cir. 2/14/03), 845 So.2d 498, 501-502.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Robles v. ExxonMobile, 2002-0854, p. 4 (La.App. 1 Cir. 3/28/03), 844 So.2d 339, 341.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial New Orleans Exhibition Hall Authority, 2002-1072, p. 5 (La.4/9/03), 842 So.2d 373, 377. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038, p. 7 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, 4, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
^DISCUSSION
The initial error assigned by DOTD and Certified Coatings is that the trial court erred in its determination that M.P.G./A1-pha had not obtained a form of injunctive relief in connection with its writ application.
In support of this position, DOTD and Certified Coatings point out that M.P.G./Alpha did not request a stay of proceeding, but rather an injunction of the award of the contract, issuance of work orders, and the performance of the work itself. The trial court previously denied the injunction; however, this court granted writs and issued a stay order. While DOTD and Certified Coatings do not question appellate courts’ authority to issue writs necessary in the aid of their jurisdiction, they claim that the effect of the stay order imposed by this court did not merely stay the litigation, but enjoined DOTD from taking any action in furtherance of the contract as required by La. R.S. 48:255 et seq. DOTD and Certified Coatings claim that in effect, M.P.G./Alpha secured from this court what it had been unsuccessful in obtaining from the trial court.
By way of response, M.P.G./AIpha argue that this court’s ruling of February 15, 2000, was not injunction, but rather a *629stay of proceeding under Uniform Rules— Courts of Appeal Rule 4-4. M.P.G./Alpha claims that the purpose of the stay was to allow the appellate court time to obtain the record below and consider its writ application. M.P.G./Alpha further cite Taylor v. Zibilich, 508 So.2d 840, 842-48 (La.App. 4 Cir.1987) for the proposition that the supervisory jurisdiction of the appellate court would have been rendered “impotent” if the court had not issued a stay while considering its writ application. M.P.G./Alpha conclude with the argument that since no preliminary injunction was ordered, issued or dissolved by any court, DOTD and Certified Coatings are not entitled to damages and attorney fees under La.Code Civ. P. article 3608.
In our review of this matter, we note that La.Code Civ. P. art. 3608 provides:
The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconven-tional demand. Attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits. [Emphasis supplied.]
]7The language of the aforementioned article makes it clear that an award of damages and attorney fees for the wrongful issuance of a temporary restraining order or preliminary injunction is discretionary with the court. The use of the word “may” affirms that the award of damages, including attorney fees, is left to the discretion of the trial court. J. Caldarera & Co. v. City of Baton Rouge, 03-0759 p. 2 (La.App. 1 Cir. 2/23/04) 873 So.2d 728, 729. In the instant case, a preliminary injunction was not issued; however, DOTD and Certified Coatings argue that because the stay order issued by this court had the same effect as a preliminary injunction, La.Code Civ. P. article 3608 should be applied to permit the recovery of damages.
In Bally’s Louisiana, Inc. v. The Louisiana Gaming Control Board, this court stated “[a] preliminary injunction is essentially an interlocutory order issued in summary proceedings incidental to the main demand for permanent injunctive relief. It is designed to and serves the purpose of preventing irreparable harm by preserving the status quo between the parties pending a determination on the merits of the controversy.” Bally’s, 99-2617, p. 7 (La.App. 1 Cir. 1/31/2001), 807 So.2d 257, 263, writ denied, 2001-0510 (La.1/11/2002), 807 So.2d 225.
By way of contrast, Black’s Law Dictionary, Fifth Edition, defines “stay of proceedings” in pertinent part as “[t]he temporary suspension of the regular order of proceedings in a cause, by direction or order of the court.” In addition, “stay order” is defined as “[a] stopping; the act of arresting a judicial proceeding by the order of a court or the temporary suspension of the regular order of proceedings in a cause by direction or order of the court.” Article 5, Section 2 of the Louisiana Constitution provides that “[a] judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court.”
It appears that although the two terms are similar, they are not synonymous. A preliminary injunction is issued for the protection of one or more parties to the litigation and is designed to preserve the existing status of the litigants and usually requires a showing of irreparable injury, loss, or damage. In those cases where the conduct sought to be enjoined is unlawful however, a showing of irreparable injury is not required. Star Enterprise v. State, Through Department of Revenue *630and Taxation, 95-1980, p. 13 (La.App. 1 Cir. 6/28/1996), 676 So.2d 827, 834, writ denied, 96-1983 (La.3/14/97), 689 So.2d 1383. A stay of proceedings is issued for the benefit of the court and is similarly designed to preserve the existing status of the litigants until the court has had sufficient time to review the record and make a determination of the issues presented. A stay differs from an injunction in that a stay is issued for the benefit of the court rather than the benefit of the litigants and does not require a showing of irreparable harm.
We conclude that based upon the foregoing, the trial court did not err in its determination that M.P.G./Alpha had not obtained a form of injunctive relief in connection with its writ application. This assignment is without merit.
In their second assignment of error, DOTD and Certified Coatings claim that the trial court erred in its determination that M.P.G./Alpha was not legally liable for damages and attorney fees under La.Code Civ. P. art. 3608.
We have previously reviewed the language of La.Code Civ. P. article 3608, which permits an award of damages and attorney fees for the wrongful issuance of a temporary restraining order or preliminary injunction. In light of our determination that M.P.G./Alpha had not obtained injunctive relief in connection with its writ application, we must conclude that the cited codal provision is inapplicable to the facts of this case. This assignment is similarly without merit.
In their final assignment of error, DOTD and Certified Coatings claim that the trial court erred in its determination that M.P.G./Alpha was not legally liable for attorney fees and costs under La. R.S. 38:2220.4. DOTD and Certified Coatings argue that in its pleadings M.P.G./Alpha sought relief under both Title 38 and Title 48. Consequently, DOTD and Certified Coatings claim that regardless of our ruling on the wrongful injunction issue, costs and attorney fees are still recoverable.
M.P.G./Alpha cites L & A Contracting Company, Inc. v. RAM Industrial Coatings, Inc., 99-0354, p. 22 (La.App. 1 Cir. 6/23/00), 762 So.2d 1223, 1236 for the proposition that attorney fees are not recoverable unless expressly authorized by statute |9or contract. M.P.G./Alpha claims that absent a statutory or contractual basis for an award of attorney fees, it is not liable to DOTD and Certified Coatings for attorney fees.
Louisiana Revised Statute 38:2220.4 provides in pertinent part:
A. The court shall enter an order declaring whether a violation of R.S. 38:2211 et seq. has occurred. The declaration shall have the force and effect of a final judgment or decree.
B. (1) The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees. The court shall also award to any prevailing defendant costs and reasonable attorney fees. However, if the court finds fraud on behalf of a defendant, the award to the plaintiff shall be twice the amount of reasonable attorney fees.
La. R.S. 38:2220.4.
Based upon our review of the record in this matter and the language of the aforementioned statute, we note that based upon its status as an intervenor in this litigation, Certified Coatings lacks status to assert a claim for costs and attorney fees. We cannot discern from the record, however, whether or not DOTD is entitled to costs and attorney fees. In its transcribed oral reasons for judgment, the trial court stated:
*631I don’t believe we ever addressed the issue, we may have, on the declaratory judgment might have satisfied 38:2220.4. I think it’s Subsection A., but the First Circuit sent the declaratory judgment back and said that there was conflicting evidence as to whether that was properly even before the court and we never addressed that issue again. So I am not certain that we ever addressed the issue of whether there had been a violation of the Public Bid Law under at least certainly Title 38 and therefore, I don’t think that [2220.4] kicks in. For those reasons, the motion for summary judgment filed by M.P.G. Alpha is granted.
It is unclear from the record whether the trial court made a determination regarding a violation of La. R.S. 38:2211 et seq. Absent such a determination, this court is unable to make a determination as to whether DOTD is entitled to recover attorney fees and costs. Accordingly, it was error for the trial court to dismiss all claims against M.P.G./Alpha through a grant of summary judgment. We therefore remand this matter to the trial court for a determination of whether a violation of La. R.S. 38:2211 et seq. occurred, and if not, whether DOTD is entitled to recover attorney fees and costs.
I ^CONCLUSION
For the above and forgoing reasons, the judgment of the trial court dismissing DOTD’s and Certified Coatings’s causes of action for damages and attorney fees pursuant to La.Code Civ. P. article 3608 is affirmed. Similarly, the judgment dismissing Certified Coatings’s cause of action for attorney fees pursuant to La. R.S. 38:2220.4 is also affirmed. The judgment of the trial court dismissing DOTD’s cause of action for attorney fees pursuant to La. R.S. 38:2220.4 is reversed and that cause of action is remanded to the trial court for a determination as to whether a violation of La. R.S. 38:2211 et seq. occurred, and if not, whether DOTD is entitled to recover attorney fees and costs. All costs associated with this appeal are to be shared equally among petitioner, M.P.G./Alpha, defendant, DOTD, and intervenor, Certified Coatings.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
McClendon, j., concurs.

. M.P.G. Construction, Inc. and Alpha Painting & Construction C., Inc., A Joint Venture v. Louisiana Department of Transportation and *627Development, 00-CW-0237 (La.App. 1 Cir. 7/12/2000).

. M.P.G. Construction, Inc. and Alpha Painting & Construction C., Inc., A Joint Venture v. Louisiana Department of Transportation and Development, 2000-CC-2314 (La.8/30/2000).

. M.P.G. Construction, Inc. and Alpha Painting & Construction C., Inc., A Joint Venture v. Louisiana Department of Transportation and Development, 00-CA-0816 (La.App. 1 Cir. 10/5/2000), writ denied, 00-OC-3039 (La. 1/5/2001).