896 So.2d 251 (2005)
BROADMOOR, L.L.C.
v.
ERNEST N. MORIAL NEW ORLEANS EXHIBITION HALL AUTHORITY.
McDonnel/PCL, a Joint Venture
v.
The Ernest N. Morial New Orleans Exhibition Hall Authority by and through its Board of Commissioners.
McDonnel/PCL, a Joint Venture
v.
The Ernest N. Morial New Orleans Exhibition Hall Authority by and through its Board Of Commissioners.
Nos. 2004-CA-1274, 2004-CA-1275, 2004-CA-1276.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 2005.
*252 Marguerite K. Kingsmill, John M. Dubreuil, J. Geoffrey Ormsby, Kingsmill Riess, L.L.C., and Harry T. Lemmon, New Orleans, LA, for Plaintiff/Appellee.
Leonard L. Levenson, Colleen Boyle-Gannon, New Orleans, LA, for Plaintiff/Appellant.
Roy C. Cheatwood, Paul L. Peyronnin, Baker Donelson Bearman Caldwell & Berkowitz, PC, and Bernard L. Charbonnet, Jr., Meri M. Hartley, Law Office of Bernard L. Charbonnet, Jr., New Orleans, LA, for Defendant/Appellant.
Howard E. Sinor, Jr., Ewell E. Eagan, Jr., Michael E. Botnick, Tina Crawford White, Gordon Arata McCollam Duplantis & Eagan, LLP, New Orleans, LA, for Intervenor/Appellant.
Kenneth M. Carter, Kenneth M. Carter, PLD, New Orleans, LA, and Russ M. Herman, Herman Herman Katz & Cotlar, LLP, New Orleans, LA, for Intervenor/Appellee.
Sherry M. Landry, City Attorney, Evelyn F. Pugh, Chief Deputy City Attorney, Deborah M. Henson, Assistant City Attorney, New Orleans, LA, Amicus Curiae (City of New Orleans).
W.P. Wray, Jr., Wray & Pierce, LLP, Baton Rouge, LA, Amicus Curiae (Louisiana Associated General Contractors, Inc.).
(Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
DAVID S. GORBATY, Judge.

FACTS AND PROCEDURAL HISTORY
Three bidders competed for the Ernest N. Morial New Orleans Exhibition Hall Authority ("Authority") Phase IV expansion project. The bids were received, and the Authority examined the bids, evaluated them, classified them, and tabulated them. The bid tabulation reflected W.G. Yates & Sons Construction Company/ Landis Construction Co., L.L.C., A Joint Venture ("Yates/Landis") as the lowest numerical bidder, Broadmoor, L.L.C. ("Broadmoor") as the second lowest numerical bidder, and McDonnel/PCL, a Joint Venture ("McDonnel") *253 as the highest numerical bidder. Yates Landis was awarded the contract. Broadmoor protested the award of the contract to Yates and sought judicial intervention. Ultimately, the Louisiana Supreme Court adjudicated the contract award of the Authority to Yates/Landis to be violative of the Public Bid Law, and the award was nullified.
The Authority then held a meeting, at which it rejected all remaining bids. Broadmoor subsequently sought a hearing in Civil District Court for the Parish of Orleans, arguing that it should have been awarded the contract as the remaining low responsible bidder. Broadmoor further asserted that the Authority was neither authorized nor empowered to reject the bids after the expiration of the time period provided for in La. R.S. 38:2215. Broadmoor also contended that the Authority was bound, beyond any discretion, to award the contract to Broadmoor, the "lowest responsible bidder," under the law on the authority of La. R.S. 38:2214 and New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538 (hereafter "Rosenbush"). The trial court found, as a matter of fact, that the Authority improperly rejected all bids, and that under section 2215, it had neither the power nor the authority to do so. In written reasons, the Court found, "[O]n April 8, 2004, the Authority convened in executive session and voted to reject all remaining bids and readvertise the project."
The Court held that where the public entity either awards the contract as in the case at bar or fails to act as in Rosenbush, the remaining bids cannot be rejected and readvertised after the statutory period. Based on the jurisprudence, the trial court found that the intent of Section 2215 of the Public Bid Law is to finalize the awarding of public contracts in an expeditious manner. The trial court ordered that the contract be awarded to Broadmoor.
The Authority subsequently filed this appeal. McDonnel and Yates/Landis also filed appeals. As well, McDonnel answered the appeals of the Authority, Yates/Landis, and the answer to the appeal filed by Broadmoor. Broadmoor answered the appeals of the Authority, McDonnel, and Yates/Landis and filed cross-appeals to the appeals of Yates/Landis and McDonnel. Frischhertz/Fisk Joint Venture, Gallo Mechanical Contractors, Inc., and the Southeast Louisiana Building and Construction Trade Council ("Frischhertz/Fisk"), intervenors below, joined in and adopted Broadmoor's cross-appeals as well as Broadmoor's answers to the appeals.

DISCUSSION

Responsiveness of Broadmoor's bid
The Authority argues that the trial court's judgment is based on its flawed interpretation of La. R.S. 38:2215 as prohibiting the Authority from rejecting non-responsive bids because forty-five days had passed since the bids were opened. The trial court erred because the Authority did not reject all bids for "cause" pursuant to Section 2214(B) such that the 45-day period of Section 2215 was triggered, as Broadmoor argued below, the Authority urges. The record reflects that the Authority rejected both remaining bids (the Broadmoor and McDonnel bids) as non-responsive under Section 2212(A)(1)(a).
Central to the Authority's argument is the contention that Broadmoor's bid was non-responsive. First, the Authority argues that Broadmoor's bid bond is defective because it is "not countersigned." However, the requisite of countersigning bid bonds was repealed in July 2001 and is no longer required under the Public Bid Law. La.R.S. 38:2218B repealed by Acts *254 2001 No. 138 § 1, eff. July 1, 2001. Further, the Louisiana Attorney General has previously opined that the countersigning of a bid bond is of no consequence in evaluating a bid. La. Attorney General Op. No. 97-89, 1997 WL 529810 (La.A.G.) Even so, Warren Perkins, the individual who signed the bid bond, is a Louisiana licensed resident agent and an attorney-in-fact for the surety. Considering his authority, his signature on the bid bond satisfied any requirement that ever existed that the bid bond be countersigned.
The Authority next argues that Broadmoor's $25.00 late payment for the annual fee to Secretary of State renders the bid non-responsive. However, the fees payable to the Secretary of State are not requirements of the Public Bid Law. In addition, the Authority cites to the wrong statute: L.S.A. 12:163(F)(2) does not apply to limited liability companies. Even so, L.S.A. 12:1308(E) mandates that the cure, a $25.00 annual late fee, is retroactive.
The Authority contends that it can now reject Broadmoor's bid because Broadmoor did not "type out" John Stewart's name and title below every signature on every page of the bid. This is not a requirement of the Advertisement for Bid or Bid Form. Any alleged "typos" could not render the bid nonresponsive. Further, the provision cited by the Authority pertains to the "execution of bids" and states: "All names and titles must be typed or printed below the signature," referring to the signature on the execution page. Broadmoor complied with this requirement.
Next, the Authority argues that Broadmoor's bid was not signed by the proper person. The Authority avers that according to Article 7.4.2 of the Instructions to Bidders, the bid should have been signed by the managing member of Broadmoor, Robert Boh, but was instead signed by John Stewart.
The provision cited by the Authority is not a part of the Advertisement for Bids or Bid Form. However, even the plain wording of that provision indicates that it is acceptable to submit a "resolution ... which establishes that [a] company representative has the authority to bind the company" with respect to execution of the bids and can indeed execute the bid. Moreover, consistent with this instruction, the actual language of "Document 00452, Resolution of Limited Liability Company," which was part of the Bid Form and required to be completed and executed, permits Broadmoor's managing member to appoint an attorney-in-fact to execute the bid on Broadmoor's behalf. Boh executed the corporate resolution provided in the Bid Form that authorized John Stewart to act on behalf of Broadmoor in the "execution of all bids, papers, documents, affidavits, bonds, sureties, Contract and acts ..." In appointing John Stewart as attorney-in-fact, Boh clearly acted consistently with the explicit requirements and directions set forth in Document 00452/00453 of the Bid Form, as well as the Instructions for Bidders.
The Authority avers that Broadmoor's insurance certificate was defective. Broadmoor's certificate of liability insurance submitted with the bid contains a blanket waiver of subrogation and blanket naming of additional insureds, as required by the Bid Form. An additional insured endorsement, which specifically provides that additional insured coverage will extend to and include any entity required to be added as an additional insured under a written Contract, is deemed valid and enforceable by Louisiana courts as providing such coverage. Miller v. Superior Shipyard and Fabrication, 2001-2907 (La.App. 1 Cir. 8/20/03), 859 So.2d 159; Jessop *255 v. City of Alexandria, XXXX-XXXX (La.App. 3 Cir. 3/31/04), 871 So.2d 1140.
In Jessop, the court analyzed a "Blanket Additional Insured Endorsement" similar to the one contained in Broadmoor's Certificate of Insurance. The court not only concluded that the endorsement was effective to provide coverage to any entity who was required by contract to be named as an additional insured, but furthermore, determined that when a written contract requires an entity to be named as an additional insured, the policy language automatically includes that entity as an additional insured "even though the [entity] was not specifically named as an additional insured." Jessop, 871 So.2d at 1144.
Broadmoor's certificate of liability insurance contains a "blanket additional insured endorsement" that simply states that any additional insured as required by written contract shall be afforded coverage under all applicable policies of insurance. Accordingly, we find that Broadmoor satisfied the insurance requirement by providing a blanket additional insured endorsement to cover the additional insureds mandated by the Bid Form. The Authority's contention is without merit.
Yates/Landis, in its appeal, also argues that Broadmoor's bid was defective for the reasons asserted by the Authority, and enumerates three additional "flaws" in the bid. Yates/Landis points out misplaced dots in one reference to the abbreviation of Limited Liability Company, i.e. L.L.C., as support for its allegation that Broadmoor was not a bidder on the project. Yates/Landis asserts that La. R.S. 12:1306 requires the use of L.L.C. when conducting business.
12:1306 states in part:
A: The name of each limited liability company as set forth in its articles of organization:
(1) shall contain ... the abbreviation "L.L.C."
Broadmoor's Articles of Organization do set forth their name as "Broadmoor, L.L.C." In the cited statute, there is no proscription from referring to the limited liability company as "LLC" while doing business, nor does the statute hold that use of "LLC" instead of "L.L.C." would connote the existence of a separate entity, who is not licensed to do business and therefore could not bid on a public works project. Further, included in Broadmoor's bid package, as part of the Bid Form, Exhibit No. 1, is Broadmoor's Louisiana contractor license that states that "Broadmoor, L.L.C ... is duly licensed and entitled to practice the following classifications: Building construction; highway, street and bridge construction; heavy construction; municipal and public works construction; electrical work (restricted); mechanical work (restricted)." This argument lacks merit.
Yates/Landis next avers that the Broadmoor bid contains blue ink instead of black. However, it fails to submit any evidence indicating where, if ever, blue ink is used or why the blue ink is significant in any respect. The Bid Proposal was typewritten on the exact Bid Form required.
Finally, Yates/Landis contends that Broadmoor's bid contains a "pen scratch" of the bid figure and therefore, it is possible that "Broadmoor submitted two bids." A perusal of the bid received by the Authority reveals no ascertainable pen scratch. Further, there is no prohibition against pen scratches in the Public Bid Law, Advertisement for Bids or Bid Form. Even a cursory review of Broadmoor's bid evidences that the handwritten price on the Bid Proposal conforms to the price provided in numerical form. This argument is completely baseless.
*256 Based on the evidence presented, we find that Broadmoor's bid was responsive.
La. R.S. 38:2215 provides in pertinent part:
A political subdivision, upon receipt of bids for the undertaking of any public works contract, shall act within forty-five (45) calendar days of such receipt to award said contract to the lowest responsible bidder or reject all bids.
Pursuant to the Public Bid Law as interpreted by the Supreme Court in Rosenbush and Broadmoor, L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority, XXXX-XXXX (La.3/18/04), 867 So.2d 651, the public entity has forty-five days from receipt of bids to reject all bids or negotiate an extension of time with the lowest responsible bidder. The bid of Yates/Landis was the lowest, but the Louisiana Supreme Court, as well as this court, found that the bid was defective and thus non-responsive. As such, the Authority should have awarded the contract to the lowest responsible and responsive bidder, Broadmoor.
Importantly, we note that since we find that Broadmoor's bid was responsive, we need not reach the issue of whether the Authority was precluded by La.R.S. 38:2215 from rejection of all bids, whether responsive or not, after forty-five days.

Attorneys' Fees
Broadmoor and Frischherz/Fitz have answered the appeals of the Authority, McDonnel/PCL, and Yates/Landis, seeking revision of the trial court's judgment to clarify their entitlement to attorneys' fees pursuant to the Louisiana Public Bid law, including La. R.S. 38:2220.4.
R.S. 38:2220.4 provides in part:
A. The court shall enter an order declaring whether a violation of R.S. 38:2211 et seq. has occurred. The declaration shall have the force and effect of a final judgment or decree.
B. (1) The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees. The court shall also award to any prevailing defendant costs and reasonable attorney fees. However, if the court finds fraud on behalf of a defendant, the award to the plaintiff shall be twice the amount of reasonable attorney fees.
The trial court refused to hear Broadmoor's Motion for Declaration of Violation of Public Bid Law during the May 10-11, 2004 proceeding on Broadmoor's Writ of Mandamus and Petition for Injunctive Relief. The trial court never issued a specific order declaring whether or not a violation of R.S. 38:2211 had occurred. In M.P.G. Const., Inc. v. Department of Transp. and Development, State of La., XXXX-XXXX (La.App. 1 Cir. 4/2/04), 878 So.2d 624, the court held that remand was necessary to determine if the Department of Transportation and Development (DOTD) was entitled to attorney fees and costs in an action brought by an unsuccessful contract bidder, where it was unclear from the record whether the trial court made a determination regarding whether the DOTD violated public bidding statutes.
In the instant case, the issue of attorneys' fees is not properly before this court because the trial court has not even heard Broadmoor's Motion for Declaration of Violation of Public Bid Law, much less entered an order declaring that the Public Bid law has been violated, which is a necessary prerequisite before attorneys' fees may be awarded. As such, we remand this matter to the trial court for a hearing on this issue and further proceedings not inconsistent with this opinion.
Broadmoor further requests that this court assess damages and tax all costs of *257 the lower and appellate court proceeding as may be considered equitable in accordance with La.Code of Civ. Pro. Art. 2104. We find no support for the award of damages. We order that all costs of the lower and appellate court proceedings be taxed to and shared equally by the Authority, McDonnel/PCL, and Yates/Landis.

CONCLUSION
Since we find that Broadmoor submitted the lowest responsible bid and should have been awarded the contract, the remaining assignments of error advanced by Broadmoor, Frischhertz/Fisk, the Authority, Yates/Landis, and McDonnel/PCL are moot, and we need not address them.
Accordingly, for the foregoing reasons, we affirm the trial court's judgment awarding the contract to Broadmoor and remand this matter for further proceedings on the issue of attorneys' fees.
AFFIRMED AND REMANDED.