WHIPPLE, C.J.
12In this appeal, the Louisiana Department of Transportation and Development (the DOTD) appeals a judgment of the trial court, finding that Gibson and Associates, Inc. (Gibson) was entitled to attorney’s fees, and a subsequent judgment ordering the DOTD to pay Gibson $106,215.00 in attorney’s fees. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The underlying lawsuit in this matter results from a bid dispute for a DOTD construction project involving the repair and replacement of bridge joints on Interstates 10 and 110 in East Baton Rouge and Iberville Parishes. The project was initially awarded to TOPCOR Services, Inc. (TOPCOR). However, TOPCOR did not timely submit proof of its status as a disadvantaged business enterprise, thus resulting in its disqualification. Although Gibson was the next lowest bidder the DOTD did not accept Gibson’s bid. Instead, the DOTD readvertised the project. After readvertising the project, Lamplighter Construction L.L.C. (Lamplighter) was the apparent lowest bidder.
However, the DOTD was later notified that Lamplighter should be disqualified because Lamplighter and TOPCOR were affiliated entities and controlled by the same individuals. The DOTD then researched any connections between these two companies and determined that a principal officer or owner of Lamplighter was also a principal officer or owner of TOP-COR, and, thus, Lamplighter was deemed an ineligible bidder.
*41 Lamplighter then protested the DOTD’s determination. Following a review of documentation submitted by Lamplighter, the DOTD determined that Lamplighter should be reinstated as the low bidder and awarded the contract. In response, Gibson filed a protest of the DOTD’s decision to reinstate Lamplighter |aas the low bidder. The DOTD rejected Gibson’s protest and proceeded to award the contract to Lamplighter.
Thereafter, Gibson filed a petition for a temporary restraining order (TRO), preliminary injunction, permanent injunction, declaratory judgment, and mandamus. Through its petition, Gibson sought to enjoin the DOTD from awarding and executing the construction contract to any bidder other than Gibson. It further sought a declaratory judgment, declaring: (1) that the bid submitted by Lamplighter was irregular pursuant to Standard Specification § 102.08(g); (2) that pursuant to LSA-R.S. 48:250, et seq., Lamplighter’s bid must be rejected; (8) that any contract entered into by the DOTD with Lamplighter is null and void; and (4) that Gibson is the low responsible bidder to bid according to the contract, plans, and specifications and, as such, is entitled to be awarded the project. Gibson also sought a writ of mandamus ordering the DOTD to accept Gibson’s bid and execute the contract with Gibson for construction of the project. Finally, Gibson sought costs and attorney’s fees.
The trial court granted Gibson’s TRO, prohibiting the DOTD from awarding the contract to any bidder other than Gibson or, if the contract had been awarded, from implementing or executing the terms and conditions of any such contract, and a hearing on Gibson’s request for a preliminary injunction was set for June 15, 2010. Prior to the hearing on the preliminary injunction, the DOTD filed exceptions of nonjoinder of an indispensable party, ie., Lamplighter, and improper use of summary proceedings. The DOTD also filed an answer and reconventional demand, seeking dissolution of the TRO and damages and attorney’s fees for its wrongful issuance, pursuant to LSA-C.C.P. art. 3608.
Following a hearing, the trial court denied the exceptions filed by the DOTD, extended the TRO, and took the matter of the preliminary injunction under advisement.
^Thereafter, the trial court issued written reasons for judgment, finding that TOPCOR Services and Lamplighter have a principal officer and/or owner in common and, thus, that Lamplighter was ineligible to bid. Accordingly, the trial court rendered judgment: (1) issuing a preliminary injunction prohibiting the DOTD from awarding the construction contract to any bidder other than Gibson or, in the event the contract had been awarded, from performing or executing the terms thereof; and (2) issuing a writ of mandamus directing the DOTD to award the contract to Gibson as the low responsible bidder and to execute a contract with Gibson in accordance with the bid proposal and the contract plans and specifications. The DOTD appealed this judgment and Lamplighter filed an answer to the appeal, adopting the assignments of error set forth by the DOTD.
On May 18, 2011, this court rendered an opinion, amending and affirming in part and reversing in part the judgment of the trial court. Specifically, this court found that the DOTD directly violated a prohibitory law, ie., the Public Bid Law, when it reinstated Lamplighter’s bid, and, thus, the trial court did not err in issuing a preliminary injunction. However, this court further found that the trial court erred in issuing a writ of mandamus directing the DOTD to award the contract to *42 Gibson, as the DOTD had some discretion in deciding whether to award the bid to Gibson after Lamplighter was disqualified. Gibson & Associates, Inc. v. State, Dept. of Transp. & Development, 2010-1696 (La.App. 1st Cir.5/18/11), 68 So.3d 1128, 1139-41.
While the DOTD’s first appeal was pending with this court, Gibson filed a motion for summary judgment with the trial court, requesting that the trial court grant summary judgment setting forth that: (1) the bid submitted by Lamplighter is irregular and thus rejected under Louisiana Standard Specifications for Roads and Bridges § 102.08(g); (2) any contract entered into by the DOTD with Lamplighter is illegal, null, and void ab initio; (3) a permanent injunction be issued prohibiting |5the DOTD from awarding the contract to anyone but Gibson; (4) the DOTD violated public bid law by failing and refusing to reject Lamplighter’s bid as irregular under Louisiana Standard Specifications for Roads and Bridges § 102.08(g); and (5) Gibson is entitled to an award of attorney’s fees under LSA-R.S. 38:2220.4 et seq.
Sometime after this court rendered its opinion and Gibson filed its motion for summary judgment, the DOTD awarded the contract in question to Gibson, thereby mooting Gibson’s request for a permanent injunction. (R. 486) Nevertheless, Gibson’s request for attorney’s fees, as requested in the motion for summary judgment, remained outstanding.
On April 30, 2012, the trial court issued a written ruling, finding that Gibson is entitled to reasonable attorney’s fees, pursuant to LSA-R.S. 38:2220.4.[1] The trial court then set a status conference to determine the amount of attorney’s fees and expenses due Gibson. On June 28, 2013, the trial court issued a written ruling, ordering the DOTD to pay Gibson reasonable attorney’s fees in the amount of $106,215.00. On September 18, 2013, the trial court signed a final “Judgment on Plaintiffs Motion for Summary Judgment and Award of Attorney Fees Pursuant to LSA-R.S. 38:2220.4,” again ordering the DOTD to pay Gibson attorney’s fees in the amount $106,215.00.
The DOTD now appeals the June 28, 2013 ruling and September 18, 2013 judgment of the trial court.[2] Gibson has answered the appeal, seeking an increase in attorney’s fees in connection with defending the appeal.
| «DISCUSSION
In this appeal, the DOTD does not dispute the trial court’s finding that there was a violation of the Public Bid Law. Rather, the DOTD’s argument pertains only to whether an award of attorney’s fees under LSA-R.S. 38:2220.4 was authorized.[3] Specifically, the DOTD contends that the trial court erred in awarding attorney’s fees because LSA-R.S. 38:2220.4 only authorizes attorney’s fees when a civil action is brought pursuant to *43 LSA-R.S. 38:2220.2 and 2220.3, which it contends was not done in the instant matter.
Louisiana Revised Statute 38:2220.2 provides, in pertinent part, that any person or business entity with direct knowledge of an alleged violation by a public entity of the public bid law, LSA-R.S. 38:2212, et seq., may institute a civil action in a district court against the public entity to seek a declaration that such violation has occurred.
Louisiana Revised Statute 38:2220.3 then sets forth procedures that must be instituted prior to the initiation of the civil action. Specifically, LSA-R.S. 38:2220.3 provides that the complainant shall inform the attorney general of the alleged violation, and if the attorney general does not initiate a civil action within thirty days, the complainant may then initiate the civil action.
It is undisputed that the complainant herein, Gibson, did not notify the attorney general prior to filing suit. However, this did not constitute error on Gibson’s behalf as Gibson did not bring a civil action pursuant to LSA-R.S. 38:2220.2. Rather, all parties herein acknowledge that Gibson sought injunctive 17relief pursuant to LSA-R.S. 38:2220.[4]
Accordingly, the question we must resolve is whether attorney’s fees can be awarded pursuant to LSA-R.S. 38:2220.4 when a cause of action is not brought under LSA-R.S. 38:2200.2 and the procedural requirements of LSA-R.S. 38:2200.3 are not satisfied.
At the outset, we note that the DOTD did not file any procedural objections, ie., an objection of prematurity, to Gibson’s requests for attorney’s fees, thereby waiving any procedural objections to the same. See LSA-C.C.P. art. 926.[5] However, to the extent that this issue was not waived and was preserved for review, we address the statutory interpretation arguments presented herein.
Louisiana Revised Statute 38:2220.4 states:
Order; recovery to plaintiff; protection from disciplinary action
A. The court shall enter an order declaring whether a violation of R.S. *44 38:2211 et seq. has occurred. The declaration shall have the force and effect of a final judgment or decree.
B. (1) The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees. The court shall also award to any prevailing defendant costs and reasonable attorney fees. However, if the court finds fraud |son behalf of a defendant, the award to the plaintiff shall be twice the amount of reasonable attorney fees.
(2) When the public entity has depended upon the written opinion of the attorney general that the action taken by the public entity would be in compliance with law, the public entity shall not be liable for the costs and attorney fees of the adverse party.
C. A person providing information to the attorney general or bringing a civil action under the provisions of R.S. 38:2220.2 and 2220.3 shall not be subject solely for such reason to dismissal, suspension, or any other form of disciplinary action by an employer, unless the civil action is found by the court to be frivolous. [Emphasis added.]
The DOTD’s interpretation of LSA-R.S. 38:2220.4 relies heavily on the fact that LSA-R.S. 38:2220.1 through LSA-R.S. 38:2220.4 were enacted by the same legislative act, specifically Acts 1999, No. 1050 § 1. Accordingly, the DOTD contends that when the act is read in its entirety, it is “clear that the Legislature’s purpose was to establish a distinct cause of action,” and, thus, LSA-R.S. 38:2220.4 authorizes an award of attorney’s fees to the prevailing party only when the cause of action brought is that embodied in LSA-R.S. 38:2220.2, and not when the cause of action brought is for an injunction created “decades earlier under a different Act.”[6] Gibson counters that the trial court properly applied LSA-R.S. 38:2220.4, based upon the plain language of the statute and consistent with the DOTD’s longstanding pri- or interpretation of the statute. We agree.
The starting point in the interpretation of any statute is the language of the statute itself. J. Reed Constructors, Inc. v. Roofing Supply Group, L.L.C., 2012-2136 (La.App. 1st Cir.11/1/13), 135 So.3d 752, 756. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. Conerly v. State of Louisiana ex rel. the Louisiana State Penitentiary and the Department of Corrections, 2002-1852 (La.App. 1st Cir.6/27/03), 858 So.2d 636, 642, writ denied, 2003-2121 (La.11/14/03), 858 So.2d 432. The legislature is presumed to enact. each statute with deliberation and full knowledge of all existing laws on the same subject. Thus, legislative language will be interpreted on the assumption the legislature was aware of existing statutes, well established rules of statutory construction and with knowledge of the effects of their acts and a purpose in view. Dillard v. Louisiana State Uniform Const. Code Council 2010-1977 (La.App. 1st Cir.6/7/11), 68 So.3d 623, 627, writ denied, 2011-1463 (La.9/30/11), 71 So.3d 297.
Paragraph A of LSA-R.S. 38:2220.4 refers only to an “order” declaring whether a violation of LSA-R.S. 38:2211, et seq. has occurred. The statute does not state that *45 this order must be entered pursuant to LSA-R.S. 38:2220.2 and 2220.3. We cannot read into the statute language that is absent from it. Ebinger v. Venus Const. Corp., 2010-2516 (La.7/1/11), 65 So.3d 1279, 1285. Here, Gibson filed a motion for summary judgment, seeking a declaration that the DOTD violated the public bid law. On July 16, 2012, the trial court signed a judgment, stating in pertinent part, “State of Louisiana, Department of Transportation and Development violated the Public Bid Law (both Title 38 and Title 48) by failing and refusing to reject Lamplighter Construction, LLC’s bid as irregular under Louisiana Standard for Roads and Bridges § 102.08(g).” Accordingly, the record reflects the “order” requirement of LSA-R.S. 38:2220.4(A) is satisfied herein.
Moreover, paragraph B(Z) of LSA-R.S. 38:2220.4 provides, in part, “The court shall also award to the principal plaintiff as determined by the court, if successful in his action, reasonable attorney fees.” [Emphasis added.] There is no language limiting the “action” to an action brought under LSA-R.S. 38:2220.2 and 38:2220.3. This language can be compared to paragraph C of LSA-R.S. 38:2220.4, which specifically references actions brought under LSA-R.S. 38:2220.2 and 2220.3. There is no dispute that Gibson was successful in his “action” and, thus, the requirements of LSA-R.S. 38:2220.4(B)(1) are met.
[ ^Accordingly, and contrary to the DOTD’s contention, to the extent that this issue was preserved for review, we find that a plain reading of LSA-R.S. 38:2220.4 reflects that compliance with the provisions of LSA-R.S. 38:2220.2 and 2220.3 is not an absolute prerequisite to an award of attorney’s fees under the statute. Moreover, we find that Gibson satisfied the requirements of LSA-R.S. 38:2220.4 and, thus, Gibson is entitled to an award of attorney’s fees under the statute.
Indeed, this interpretation of LSA-RS. 38:2220.4 is the same interpretation the DOTD has urged as proper in prior cases before this court, when such interpretation was favorable to the DOTD as the party seeking an award of attorney’s fees.
In Diamond B. Const. Co., Inc. v. Department of Transp. and Development, 2002-0573 (La.App. 1st Cir.2/14/03), 845 So.2d 429, the unsuccessful bidder filed a petition requesting a temporary restraining order and preliminary injunction to prohibit the DOTD from issuing any bids, or work order, or performing any work on the project. The trial court denied the application for preliminary injunction. Following several appeals, the DOTD sought and was awarded attorney’s fees under the provisions of LSA-R.S. 38:2220.4. The contractor appealed the award of attorney’s fees, raising as an assignment of error the same argument that the DOTD now makes, namely, that LSA-R.S. 38:2220.4 is only applicable to a civil action brought for declaratory judgment by a “whistle-blower,” and then only if the procedural requisites are strictly adhered to. Diamond B., 845 So.2d at 433. Ultimately, the award of attorney’s fees was reversed due to res judicata, a non-issue in the present matter. Diamond B., 845 So.2d at 437.
In M.P.G. Const., Inc. v. Department of Trans. and Development State of La., 2003-0164 (La.App. 1st Cir.4/2/04), 878 So.2d 624, writ denied, 2004-0975 (La.6/4/04), 876 So.2d 85, the unsuccessful bidder brought an action against the DOTD, seeking to enjoin the award of the disputed contract. Similar to the present matter, the underlying action was for an injunction, not a suit for declaratory judgment lubrought pursuant to LSA-R.S. 38:2220.2. The DOTD and the successful *46 bidder reconvened for damages against the unsuccessful bidder, seeking damages for delay of the contract. The trial court granted summary judgment and dismissed the DOTD and the successful bidder’s claims for damages, attorney’s fees, and costs. The DOTD and the successful bidder appealed, contending in one of the assignments of error that the trial court erred in its determination that the unsuccessful bidder was not legally liable for attorney’s fees and costs, pursuant to LSA-R.S. 38:2220.4. M.P.G., 878 So.2d at 630. This court remanded the case to the trial court as it was unclear from the record whether the trial court made a determination as to whether there was a violation of public bid law, a condition which is clearly satisfied in the present matter. M.P.G., 878 So.2d at 631.
In sum, we are unable to agree with the position that the DOTD now takes. Not only is the DOTD’s current position contrary to its position taken in prior cases before this court, but its current position is not supported by the clear language of LSA-R.S. 38:2220.4. Accordingly, we find no error in the trial court’s conclusion that LSA-R.S. 38:2220.4 is applicable herein. Furthermore, we find no error in the award of attorney’s fees herein to Gibson.[7]
| T ¡ANSWER TO APPEAL
Also before us is Gibson’s answer to the appeal, seeking an increase in attorney’s fees in connection with defending the appeal. Generally, an increase in attorney fees should be awarded when a party who was awarded attorney’s fees in the trial court is forced to and successfully defends an appeal. Oliver v. Transport Service Co., 2001-0681 (La.App. 1st Cir.5/10/02), 825 So.2d 1203, 1208, writ denied, 2002-2007 (La.10/25/02), 827 So.2d 1157. The appeal filed herein by the DOTD necessitated additional work for Gibson’s attorney, including research, drafting an appellee brief, and presentation of oral argument. Under these circumstances, we conclude that Gibson is entitled to an additional award of attorney’s fees in the amount of $1,500.00 for answering and defending the appeal.
CONCLUSION
For the above and foregoing reasons, the June 28, 2013 ruling and September *47 18, 2013 judgment of the trial court are hereby affirmed. The answer to the appeal is granted and judgment is hereby rendered in favor of Gibson & Associates, Inc. and against the Louisiana Department of Transportation and Development, in the additional amount of $1,500.00 for attorney’s fees incurred in defending the appeal. All costs of this appeal in the amount of $3,280.00 are assessed to the State of Louisiana, Department of Transportation and Development.
JUDGMENTS AFFIRMED; ANSWER TO APPEAL AND REQUEST FOR ATTORNEY’S FEES GRANTED.
McCLENDON, J. dissents and assigns reasons.

. A judgment to this effect was signed on July 16, 2012.

. The DOTD filed two separate motions and orders of suspensive appeal, one of the June 28, 2013 ruling of the trial court and the other of the September 18, 2013 judgment of the trial court. While the September 18, 2013 judgment of the trial court simply restates and accomplishes the same result as the June 28, 2013 ruling, it is a formal, final partial judgment on this issue, whereas the June 28, 2013 ruling may be considered more akin to written reasons for judgment. Because both rulings accomplish the same result, the two motions for appeal have been treated as a single appeal by the parties and the court.

.Moreover, the DOTD does not challenge the amount awarded to Gibson for attorney's fees.

. Louisiana Revised Statute 38:2220 provides:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.

. Louisiana Code of Civil Procedure article 926(B) provides that all objections which may be raised through the dilatory exception are waived unless pleaded therein. These objections include:
(1) Prematurity;
(2) Want of amicable demand;
(3) Unauthorized use of summaiy proceeding;
(4) Conformity of the petition with any of the requirements of Article 891;
(5) Vagueness or ambiguity of the petition;
(6) Lack of procedural capacity;
(7) Improper cumulation of actions, including improper joinder of parties;
(8) Discussion.

. The prior LSA-R.S. 38:2219, establishing injunctive relief for violations of Public Bid Law, was enacted by Acts 1964, No. 258, § 1 and was later redesignated as LSA-R.S. 38:2220.

. To the extent that our opinion conflicts with Tectrans, Inc. v. New Orleans Aviation Board. 09-3461 (E.D.La.2/17/10), 695 F.Supp.2d 313, aff'd, 10-30247 (5th Cir.12/10/10), 464 Fed.Appx. 199, as cited by the DOTD, we decline to follow the same. Additionally, we find Tectrans to be distinguishable from the present matter. In particular, there was no finding that a violation of public bid law had occurred, nor was' any "order” entered in Tectrans. declaring that a violation had occurred. Thus, the statutory requirements for the relief granted herein were not met in Tectrans.
In particular, in Tectrans, the unsuccessful bidder on a contract to provide taxi services at the airport filed suit against the city aviation board, seeking a declaration that the board violated Louisiana's public bid law, open meetings law, and public records law. The unsuccessful bidder also sought attorney’s fees and costs. The aviation board later issued a letter rejecting all proposals and announcing that no contract would be awarded. Thus, the request for preliminary injunction was rendered moot, but the unsuccessful bidder still sought a declaration by way of summary judgment that the board violated Louisiana's public bid law, open meetings law, and public records law. Tectrans, 695 F.Supp.2d at 317. In regard to the request for a declaration that there was a violation of public bid law, the court never reached that issue. Instead, the court noted that there was no allegation that the attorney general was notified prior to filing suit and, thus, concluded that because there was no allegation that the plaintiff complied with this prerequisite to bringing a civil action for declaratory relief, the plaintiff could not recover attorney’s fees and costs for pursuit of its claim. Tectrans, 695 F.Supp.2d at 320.